## HUDGINS *v.* BLOODWORTH & COMPANY.

1. A witness can not be impeached by proving contradictory statements previously made by him as to matters not relevant to his testimony and to the case.
2. The amendment in the present case offered by the plaintiff during the argument was properly allowed. It was subject neither to the objection that it was "too late," nor that it set up a cause of action different from that set forth in the original petition. The only effect of the amendment

was to adjust the pleadings to the case made by the evidence already before the jury.

3. In a case where one of the controlling issues was whether a note made by two persons had been settled by the making and delivery of a note signed by one only of these persons, which note was still unpaid, and the evidence upon this issue was directly conflicting, a charge, " that the giving of a note in lieu of an old one is not payment of the old one until the new one is paid, unless there is an express agreement that it shall be," was inapplicable and so misleading as to require the granting of a new trial.

Argued October 11, — Decided November 2, 1899.

Complaint. Before Judge Reagan. Pike superior court. April term, 1899.

*Hammond & · Cleveland,* for plaintiff in error.

*S. N. Woodward, O. H. B. Bloodworth, R. L. Berner,* and *Alexander & Lambdin,* contra.

COBB, J. This was an action upon a promissory note by Bloodworth & Company against J. T. Green and J. J. Hudgins. Green filed no defense. Hudgins set up the following defenses : (1) that since the date of the note sued on the plaintiffs had delivered up the note to defendant Green and had taken another note from Green, thereby discharging him (Hudgins) from all liability; (2) that since the giving of the second note just referred to, plaintiffs and Green had entered into an agreement by which Green was discharged from all liability, and thereby he (Hudgins) was also discharged; (3) that he signed the note as surety only, and that his risk as such had been increased because the payees had, without his knowledge or consent, released a mortgage lien embraced in the note upon the property therein described, and had taken instead of the note and in settlement thereof a new note not signed by Hudgins, which embraced a mortgage on other property. There was a verdict for the plaintiffs, and Hudgins's motion for a new trial having been overruled, he excepted. The following brief discussion will dispose of the material questions raised in the case.

1. While Green was on the stand as a witness, the court, over objection of counsel for Hudgins, allowed plaintiffs' counsel to ask the witness questions by which they evidently sought to show that Green had stated to divers persons that the above-

indicated substitution of notes and of the mortgaged property had been made with the consent of Hudgins. The witness denied having made any such statements. The court then allowed the plaintiffs, over defendant's objection, to prove by several witnesses that Green had told them that Hudgins did consent to the change of notes and mortgages. It is not contended that Hudgins would be bound by the declarations of Green, but it was said that the evidence was admissible as tending to impeach Green. It was inadmissible for this purpose, as it related to matters not relevant to his testimony or the case. Civil Code, § 5292. The evidence being inadmissible and of a nature calculated to prejudice the claim of the defendant on one of the controlling issues in the case, the error in admitting the evidence is of a character requiring the granting of a new trial. The conversation between Green and one of the plaintiffs, in which Green stated that Hudgins would agree to the substitution of notes, was admissible to explain the conduct of the plaintiffs in surrendering the note sued on to Green, it appearing during the progress of the trial that the note had been surrendered to Green and by him delivered to Hudgins, in whose possession it was at the date of the trial.

2. After the evidence was closed and during the argument, the plaintiffs offered an amendment setting up that they had never accepted the new note, that it was to take effect only in the event that Hudgins agreed to the substitution and signed the new note, and offered to deliver the same up for cancellation. The effect of the amendment not being to add a new cause of action, but merely to adjust the pleadings to the case as it was made by the evidence, there was no error in allowing the same, either on account of the time it was offered, or of the subject-matter of the amendment.

3. The charge referred to in the third headnote was not applicable to the present case, and being calculated to confuse and mislead the jury on one of the controlling issues, upon which the evidence was directly conflicting, the giving of such a charge was an error requiring the granting of a new trial.

*Judgment reversed. All the Justices concurring.*