**17654.  POLAND *et al. v.* OSBORNE LUMBER COMPANY *et al.***

STEPHENS, J.  1. Parol testimony as to the contents of a written instrument is inadmissible where the instrument itself is not admissible. A plat of land which is not shown to be official or correct is not admissible in evidence. *Maples* v. *Hoggard,* 58 *Ga.* 315; *Parker* v. *Salmons,* 113 *Ga.* 1167 (3) (39 S. E. 475). Testimony of a witness that he has several times seen the "title deeds and plats" is insufficient to establish the correctness of the plat, and the plat itself would be inadmissible. It follows that where the plat, without having been recorded, was destroyed by fire, parol testimony of the witness as to the contents of the plat is inadmissible. The court properly excluded the testimony offered as to the contents of the plat.

2. "A witness can not be impeached by proving contradictory statements previously made by him as to matters not relevant to his testimony

----

Boundaries, 9 C. J. p. 286, n. 92.

Evidence, 22 C. J. p. 912, n. 23; p. 929, n. 75; p. 1042, n. 38; p. 1045, n. 57.

Witnesses, 40 Cyc. p. 2770, n. 35; p. 2775, n. 58.

and to the case." *Hudgins* v. *Bloodworth,* 109 *Ga.* 197 (34 S. E. 364). Testimony of a witness that he was one of the jurors upon a former trial of the case and that the jury had no trouble in reaching a verdict is not as to matters relevant to the case. Testimony of another witness in contradiction of this statement and showing that the jury had some difficulty in reaching a verdict was properly excluded.

3. This being an issue tried in the superior court upon a protest filed to the return of processioners, where the jury found in favor of the line as contended for by the protestants, and the evidence being conflicting as to which was the true line, and it not being conclusively established without dispute that the line run by the processioners had been acquiesced in for any period of time by the respective owners of the adjoining tracts, or that the tract of land in dispute had been in actual possession of the landowners relying upon the return of the processioners under a claim of right for more than seven years, and the evidence authorizing the inference that the line claimed by the protestants was the true line, the verdict found for the protestants was authorized. See, in this connection, the former report of this case in this court, 34 *Ga. App.* 105 (128 S. E. 198).

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED SEPTEMBER 20, 1927.

Processioning; from Lincoln superior court—Judge W. L. Hodges presiding. August 28, 1926.

*William H. Fleming,* for plaintiffs in error.

*Callaway & Howard,* contra.