17755.   ATLANTIC COAST LINE RAILROAD COMPANY *v.* REGISTER.

STEPHENS, J. 1. Upon the trial of an action against a railroad company to recover damages for an alleged unlawful eviction of the plaintiff from a train upon which she was a passenger, where the evidence authorized the finding that the plaintiff was a young woman traveling with a three-months-old baby upon a train of the defendant, her ticket entitling her to transportation to Thomasville, Georgia, that the conductor of the train ordered her in a harsh and impolite manner to leave the train at Boston, which was a station short of the destination called for by her ticket, that she thereupon informed the conductor that her ticket entitled her to transportation to Thomasville, but he, after having been so informed, insisted upon her leaving the train at Boston and she, in response to his order, did leave the train at Boston, that after being informed by the plaintiff that her suitcase was on the train the conductor made a careless and indifferent remark about the suitcase, and it was carried on to the point of destination, the evidence presented as an element of damage the wounded

Carriers, 10 C. J. p. 772, n. 69; p. 773, n. 70; p. 776, n. 93; p. 790, n. 19; p. 791, n. 23.

Evidence, 22 C. J. p. 527, n. 20; p. 528, n. 25; p. 531, n. 38; p. 536, n. 92 New.

Witnesses, 40 Cyc. p. 2687, n. 93; p. 2699, n. 38; p. 2770, n. 35.

feelings of the plaintiff and authorized a finding in an amount representing punitive damages. *Atlanta Con. St. Ry. Co.* v. *Keeny*, 99 *Ga.* 266 (3) (25 S. E. 629, 33 L. R. A. 824). The court did not err in instructing the jury as to the law relative to a recovery for punitive damages.

2. After the plaintiff had testified as to the remarks made to her by the conductor before she left the train, her testimony that he was impolite was not inadmissible upon the ground that it was a conclusion of the witness.

3. Testimony of the plaintiff that at a certain time prior to her alleged eviction from the defendant's train she was a married woman was irrelevant and immaterial to the issue as to the defendant's responsibility for unlawfully evicting her from the train. Since a witness can be impeached only as respects matters that are material to the testimony of the witness and to the case, the court properly excluded evidence of extrajudicial statements of the witness, subsequently made, to the effect that at the time the statements were made she was not in fact married, which testimony was offered for the purpose of impeachment. *Hudgins* v. *Bloodworth*, 109 *Ga.* 197 (34 S. E. 364) ; *Poland* v. *Osborne Lumber Co.*, 37 *Ga. App.* 212 (139 S. E. 734).

4. The evidence authorized a verdict for the plaintiff; and, in view of the conclusions authorized by the evidence, the verdict found in the sum of $650 can not by this court be held to be excessive.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED SEPTEMBER 23, 1927.

Damages; from city court of Thomasville—Judge MacIntyre. October 15, 1926.

*H. H. Merry, Bennet & Branch,* for plaintiff in error.

*W. H. Hammond, J. B. Burch,* contra.