## 31951. SMITH *v.* THE STATE.

GARDNER, J. 1. Smith was jointly indicted with Fraser for automobile theft. They were convicted. We are concerned here only with the case against Smith. After conviction, an amendment to the original motion was filed. There are assignments of error in the bill of exceptions on the general grounds, but they are not argued and are considered abandoned. Aside from this, there is ample evidence to sustain the verdict so far as the general grounds are concerned, for the jury were authorized to find that the two joint defendants entered into a conspiracy to steal the automobiles in question. The court fully charged the law applicable to conspiracy. See *Laminack* v. *State*, 54 *Ga. App.* 207 (187 S. E. 620), and a more recent case, *Swain* v. *State*, 74 *Ga. App.* 391 (39 S. E. 2d, 727), and citations.

2. Special ground 1 assigns error for the reasons that, after the defendant had entered a plea of not guilty and before any evidence was introduced and before any verdict or judgment had been entered, the defendant asked the court's permission "to change his plea from a plea of 'not guilty' to a plea of 'nolo contendere.'" On February 1, 1946 (Ga. L. 1946, p. 142), the General Assembly passed an act permitting a plea of nolo contendere. Without going into the details, this act provides that the privilege of a defendant to enter such a plea is within the discretion of the trial court. Under the facts of this case, the court did not abuse its discretion in refusing the defendant the privilege of entering a plea of nolo contendere.

3. The only other special ground on which error is assigned is to the effect that when a witness for the State, who was an officer assigned to the investigation of the case, was on the stand, the court allowed to go before the jury the following evidence: "Q. They were both present [meaning the joint defendants]? A. Yes, sir. Q. And one of them did not deny what the other one was saying? A. No, sir." This is all the evidence as set out in this special ground. Error is assigned by the defendant on this evidence because: (a) it was offered by the State to prove a confession binding upon the defendant made by a codefendant in the presence of the witness and the defendant, and was admitted by the court for this purpose; (b) the defendant objected to the admission of such evidence on the ground that the defendant's silence at and when

the confession was made by his codefendant could not be an admission of guilt, and could not be admitted because it was prejudicial to his case, and the admission of such evidence had a controlling influence upon the jury in returning a verdict of guilty against him. We do not think that this ground is sufficient to raise any question for determination by this court. It is incomplete within itself. It does not set forth the evidence of which complaint is made. See *Trammell* v. *Shirley*, 38 *Ga. App.* 710, Rules 14 and 17 (145 S. E. 486). We may concede, however, that this ground is sufficient and still under the record the admission of this testimony was proper. As hereinbefore stated, the evidence authorized the jury to find that there was a conspiracy between the defendant and Fraser. The court charged on this issue. The evidence was ample to sustain a finding that there was a conspiracy between the defendant and Fraser. In this view the court properly admitted the evidence. See, in this connection, *Emmett* v. *State*, 195 *Ga.* 517 (2) (25 S. E. 2d, 9); *Cawthon* v. *State*, 71 *Ga. App.* 497 (2) (31 S. E. 2d, 64).

*Judgment affirmed. MacIntyre, P. J., and Townsend, J., concur.*

Decided April 10, 1948.

*Harris, Henson & Spence*, for plaintiff in error.
*Paul Webb, Solicitor-General, William Hall*, contra.