## 55003. HOWE v. COFER.

DEEN, Presiding Judge.

The appellant pleaded nolo contendere to a charge of driving under the influence of intoxicants on February 28, 1977. On May 12 the Department of Public Safety issued an official notice of suspension of driver's license for three years based on the fact that the department records showed the appellant had pleaded nolo contendere to identical charges on September 3 and November 17, 1974. The suspension was upheld at a subsequent administrative hearing and this judgment was affirmed by the superior court.

1. Code Ann. § 68B-305 (Ga. L. 1975, pp. 1008, 1027) provides in part: "The department shall forthwith suspend, as provided in section 68B-312, the license of any driver upon receiving a record of such driver's conviction of . . . 3. Driving . . . a motor vehicle while under the influence of alcohol . . . as defined by section 68A-902: Provided, that for the purposes of this subsection 3, an accepted plea of nolo contendere on a charge of driving under the influence of alcohol. . . shall constitute a conviction when the person so making the plea has, within the preceding five years been convicted of or had an accepted plea of nolo contendere to a charge of driving under the influence of alcohol."

The Act of 1975 codified as Code Ann. § 68B-312 (a) (2) (Ga. L. 1975, pp. 1008, 1038) provided that on a second

conviction there would be a three-year suspension, and "all accepted pleas of nolo contendere. . . made within five years of a previous conviction *or accepted plea of nolo contendere to such offense*" would be considered convictions. The amending Act of 1976 (Ga. L. 1976, p. 1670) superseding this section left out the italicized language. The appellant contends that there was an intent to change the law: that whereas formerly nolo contendere pleas could be added to a nolo contendere plea in the case under consideration, treating all such pleas as convictions, the new Act provides that prior nolo contendere pleas may be considered but that there must be a *conviction* in the case under consideration. Since, however, the language of Code § 68B-305 above quoted was not stricken, it still remains the law that for the purpose of DUI convictions a nolo contendere plea in the case under consideration will be considered a conviction where there has been another conviction or accepted plea within the five-year period. The fact that Code Ann. § 68A-312 (a) (2) has been rewritten does not change this element of proof.

2. It is also contended that this result is obviated by Code § 27-1410 (Ga. L. 1946, p. 142) providing generally that a plea of nolo contendere shall not be used against the defendant in any other proceeding for any purpose. If these two statutes are in conflict insofar as the revocation of licenses in DUI cases is concerned, the latter will of course prevail. "Repeal by implication is not favored and if the later Act does not embrace the whole subject matter of the prior Act and is not entirely repugnant to it, the court should apply a construction that will give the two statutes concurrent efficacy." *Hunnicutt v. State,* 135 Ga. App. 774, 776 (219 SE2d 22). Code § 27-1410 refers generally to the effects of such pleas as compared with pleas of guilty and makes no reference to the suspension of a license. Code Ann. § 68B-312 (a) (2) refers, as in *Hunnicutt,* not to crimes generally but only to the specific offenses of driving under the influence of alcohol or drugs. Code § 27-1410 created no "contract" between the defendant and the state. The cited case of *Franklin v. Mayor &c. of Savannah,* 199 Ga. 426 (34 SE2d 506) has no application here.

*Judgment affirmed. Smith and Banke, JJ., concur.*

Submitted January 3, 1978 — Decided January 24, 1978.

*Sams, Glover & Gentry, A. Harris Adams,* for appellant.
*Arthur K. Bolton, Attorney General, Kirby G. Atkinson, Assistant Attorney General,* for appellee.