## 33811. FORTSON v. HOPPER.

MARSHALL, Justice.

This is a habeas corpus appeal. The petitioner is presently serving five concurrent 20-year sentences for burglary based upon guilty pleas, and sentences of 20 years, 10 years and life for burglary, aggravated assault and rape, respectively, based upon pleas of nolo contendere. The ground of his petition is that his life sentence for rape must be set aside because it was imposed on a plea of nolo contendere, in contravention of Code Ann. § 27-1408 (Ga. L. 1946, p. 142), which provides, "The defendant in all criminal cases *other than capital felonies,* in any court of this State, whether the offense charged

shall be a felony or a misdemeanor, may, with the consent and approval of the judge of said court, enter a plea of nolo contendere instead of a plea of guilty or not guilty." (Emphasis supplied.) The record shows, and the habeas corpus court found, that plea bargaining had been conducted, and that the petitioner was made aware both by his counsel and the trial court judge prior to the acceptance of his plea of nolo contendere (which was done on advice of counsel) that a life sentence would be imposed. The petitioner appeals from the denial of habeas corpus relief. We affirm.

It is clear from the unambiguous provisions of Code Ann. § 27-1408, supra, that the entry of pleas of nolo contendere in capital felony cases is not authorized. It is also clear that rape was a capital felony when the plea of nolo contendere was entered thereto in this case on October 8, 1975.[1] What is not so clear is whether the sentence imposed on an unauthorized nolo contendere plea to a capital felony can be collaterally attacked and set aside by habeas corpus, an issue of first impression in this state.

To aid in understanding the legal effects of the entry of the plea of nolo contendere, we quote from 7 EGL 275, Criminal Procedure, § 44 (1976 Rev.), with footnotes in brackets: "Entering a plea of nolo contendere is a privilege rather than a right; it constitutes a plea of guilty except that it cannot work any civil disqualification upon the defendant.

"The plea of nolo contendere is defined as an assertion by the defendant that he does not desire to contest the truth of the charges against him. [Black's, Law Dictionary (Rev. 4th ed. 1958).] Thus it is not a plea of not guilty, nor is it a plea of guilty. Rather, it lies approximately midway between the two extremes.

---

[1] The question as to whether rape where the death of the victim does not occur continues to be a capital felony for purposes of § 27-1408, has not been decided. For cases involving such offense for other purposes, compare *Collins v. State,* 239 Ga. 400 (2) (236 SE2d 759) (1977); *Peek v. State,* 239 Ga. 422, 432 (238 SE2d 12) (1977).

Subject to the approval and consent of the judge of the court, it may be entered in any criminal case in any court of the state, except in capital felony cases. [Ga. Code Ann. § 27-1408.] The privilege of entering a plea of nolo contendere is statutory in origin [*Smith v. State*, 76 Ga. App. 847, 47 SE2d 518 (1948).], and it was designed to cover situations where the side effects of a plea of guilty, in addition to the penalties provided by law, would be too harsh. [*Wright v. State*, 75 Ga. App. 764, 46 SE2d 569 (1947).]

"When the judge accepts the plea of nolo contendere, he is empowered to impose whatever sentence is provided by law for the crime, just as if the defendant had been convicted by a jury or entered a plea of guilty. [Ga. Code Ann., § 27-1409; *Marshall v. State*, 128 Ga. App. 413, 197 SE2d 161 (1973).] However, in contemplation of law, the beneficent features of the plea lie in the fact that it cannot be used as an admission of guilt in any other proceeding, and cannot work any civil disqualifications to hold public office, to vote, to serve upon a jury, or any other civil disqualification imposed upon a person convicted of a crime. [Ga. Code Ann. § 27-1410.] Under the provisions of the Constitution, (Ga. Code Ann., § 2-108 [§ 2-115 in 1976 Constitution]), a plea of nolo contendere has been held to constitute former jeopardy. *Key v. State*, 83 Ga. App. 839, 65 SE2d 278 (1951).] It has been held that one of the civil disqualifications protected against is the suspension or forfeiture of a driver's license. [*Faulkenhainer v. State*, 122 Ga. App. 478, 177 SE2d 380 (1970).]"

Thus it appears that the petitioner has been accorded an unmerited privilege with beneficent results. We do not now have for decision the question of whether the petitioner will in the future be entitled to receive the beneficent effects of his erroneously entered plea of nolo contendere. Regarding the sentence, which is here sought to be set aside, the judge was empowered to impose whatever sentence is provided by law, whether the sentence be based on the plea of nolo contendere, or on a conviction or plea of guilty. Code Ann. § 27-1409, supra; *Marshall v. State*, 128 Ga. App. 413, supra. Because the petitioner was subject to the trial court's jurisdiction, such cases as *Webb v. Henlery*, 209 Ga. 447 (74 SE2d 7) (1953)

(holding that the accused in a capital felony case cannot waive indictment) do not demand a finding that the unauthorized entry of the nolo contendere plea was jurisdictional as to the sentence. This court has declined to expand the holding of *Webb*. See, e.g., *Balkcom v. McDaniel*, 234 Ga. 470 (2) (216 SE2d 328) (1975).

Therefore, the unauthorized entry of the nolo contendere plea was harmless error. Moreover, even if it be considered harmful error, it was induced error, which cannot be the basis for reversal. *Edwards v. State*, 235 Ga. 603, 604 (2) (221 SE2d 28) (1975) and cits.

The holding herein is in accord with foreign case law. See North Carolina v. Alford, 400 U. S. 25 (91 SC 160, 27 LE2d 162) (1970); Bruno v. Cook, 224 S2d 567 (Miss. 1969); Smith v. State, 197 S2d 497 (Fla. 1967); Peel v. State, 210 S2d 14 (Fla. 1968), cert. den., 394 U. S. 939 (1969).

*Judgment affirmed. All the Justices concur.*

ARGUED JULY 12, 1978 — DECIDED SEPTEMBER 6, 1978.

*James C. Bonner, Jr.,* for appellant.

*Arthur K. Bolton, Attorney General, G. Stephen Parker, Assistant Attorney General,* for appellee.