### 38440. IN THE MATTER OF: INQUIRY CONCERNING A JUDGE NO. 491.

PER CURIAM.

The respondent, Donnie Jo Bonds, a Justice of the Peace, was indicted by the Grand Jury of Carroll County, Georgia for fraud in aiding and abetting her mother-in-law Pearl Bonds in obtaining welfare benefits to which she was not entitled in the amount of $26,384.39 in violation of Code Ann. §§ 99-2912 and 99-9904. To this indictment the respondent on April 10, 1981, entered a plea of nolo contendere. The trial court accepted the plea and sentenced the respondent under the provisions of the First Offender Act, imposing a fine of $10,000.00 and restitution in the amount of $26,384.39.

Based on these facts, the Judicial Qualifications Commission instituted formal proceedings against the respondent. After due notice a hearing was held on November 18, 1981, at which the respondent was represented by counsel. Respondent objected to the introduction of the documents relating to the indictment and the plea of nolo contendere, relying on the provisions of Code Ann. § 27-1410 which prohibit the use of such a plea "in any other court or proceedings as an admission of guilt or otherwise for any purpose." The Commission considered these documents in making its recommendation to this court that the respondent be removed from office.[1]

The Commission based its finding and recommendation on Article VI, Sec. XIII, Par. (b) (Code Ann. § 2-4203) which provides that a judge "may be removed or otherwise disciplined for conduct prejudicial to the administration of justice which brings the judicial

---

[1] The report was signed by six members of the Commission. One member of the Commission dissented on the ground that the Commission could not consider this evidence because of the prohibition in Code Ann. § 27-1410 and that the entry of such plea is not per se conduct which violates the Code of Judicial Conduct.

office into disrepute."

The Commission stated its conclusion as follows: "It is our view that a judge who has been indicted for a felony involving moral turpitude, and who, in order to avoid the risk of conviction or for any other reason, elects, in effect, to publicly announce that, while not admitting her guilt, she did not desire to contest the charge, thus subjecting herself to a sentence in the same manner and to the same extent as if she had entered a plea of guilty is clearly guilty of 'conduct prejudicial to the administration of justice which brings the judicial office into disrepute.' "

We agree with this conclusion of the Commission's majority report. The Judicial Code of Conduct imposes the very highest standards upon the office of a judge. These standards provide that a judge should avoid even the appearance of impropriety and require that a judge at all times should act in a manner that promotes public confidence in the integrity of the judiciary. These and similar guidelines are extremely broad and have been attacked as being nebulous and incapable of rational application. However, we find no hesitancy in concluding that a judge who enters a plea of nolo contendere to a crime involving moral turpitude carrying a maximum sentence of 5 years in the penitentiary can be said to be guilty of conduct which brings the judicial office into disrepute. This is so even though the question of guilt is not formally adjudicated by such a plea.

We do not think that the Commission erred in considering the plea of nolo contendere of the respondent in this case. Code Ann. § 27-1410 prohibits the use of the plea as an "admission of guilt" in any proceeding. However, the Commission was not concerned with whether or not the respondent was guilty as charged but simply whether the fact that she had entered a plea of no contest to a charge involving moral turpitude amounted to conduct bringing the judicial office into disrepute. Under the constitutional authority cited above, the Judicial Qualifications Commission cannot be restricted by legislative act from considering any conduct of a judicial officer which reflects on the question they are called upon to decide, i.e., does such conduct bring the judicial office into disrepute.

Consideration of the plea of nolo contendere under the circumstances of this case was not a denial of equal protection and due process to the respondent under either the State or Federal Constitution. Nor do we find the language "conduct prejudicial to the administration of justice which brings the judicial office into disrepute" so vague and overbroad as to deny the respondent equal protection and due process.

The recommendation of the Commission is approved and the

respondent is ordered removed from the office of Justice of the Peace.
*All the Justices concur.*

DECIDED FEBRUARY 3, 1982 —
REHEARING DENIED FEBRUARY 17, 1982.

*Holcombe Perry, Jr., Robert E. Hall,* for Judicial Qualifications Commission.
*William C. Tinsley II,* for Bonds.

