## 69556. SAGON v. AWTREY.
### (326 SE2d 566)

BEASLEY, Judge.

Paul Sagon was struck by a car being driven by Brenda Awtrey while he was directing traffic for his road paving crew as it was putting up equipment near quitting time on a job on Georgia Highway 138. He sued Mrs. Awtrey for negligence; her defense was primarily contributory or comparative negligence and sudden emergency. The jury returned a verdict in favor of defendant.

Awtrey's husband, who was employed by the police department as a detective at the time of the accident but who was suspended at the time of trial, arrived at the scene before investigating officer Peal of the same police department.

Upon contemplation of calling Mr. Awtrey as a witness, defense counsel made a motion in limine during trial to exclude evidence relating to Mr. Awtrey's then-current suspension on the ground that such testimony would be irrelevant and unduly prejudicial. Mr. Awtrey was under suspension because he had been indicted in another county for a criminal matter unrelated to this case. Despite plaintiff's objection, the court granted the motion and ruled that he could not be asked whether he was currently suspended nor could he be asked questions about the suspension. Despite the ruling in defendant's favor, Mr. Awtrey was not called as a witness, and only Mrs. Awtrey and the investigating officer, Patricia Peal, testified on behalf of defendant.

Sagon asserts that the trial court erred in granting Awtrey's motion in limine and in restricting his right to cross-examine witness Peal as it related to her credibility as a witness. He contends that Peal lied when she testified on direct that Mr. Awtrey was employed by the police department at the time of the trial when she knew Mr. Awtrey was suspended, but that he was prohibited from questioning her about the untruth and thus impeaching her, due to the court's previous order restricting the introduction of all evidence relating to Mr. Awtrey's suspension. His theory is that her exposed "lie" as to this fact would have undermined her testimony as to her investigation

of the accident and would have strengthened the belief that she was biased in favor of the Awtreys.

The evidence Sagon sought to elicit on cross-examination was not relevant to the issues before the jury. Nor would the fact that Mr. Awtrey was suspended from duty serve to impeach Ms. Peal's credibility as this fact did not contradict her testimony. She had merely stated that Mr. Awtrey was employed by the department. There was no evidence that his status of suspension rendered him not an employee, and the record shows that the parties were not certain one way or another. As a matter of fact, Ms. Peal testified outside the presence of the jury that she did not know the particulars regarding his status as a suspended person.

OCGA § 24-2-1 provides: "Evidence must relate to the questions being tried by the jury and bear upon them either directly or indirectly. Irrelevant matter should be excluded." There is no absolute right to cross-examination; "[t]he 'right to a thorough and sifting cross-examination must be tempered and restricted so as not to infringe on privilege areas or wander into the realm of irrelevant testimony. Control of the cross-examination of a witness is to a great degree within the discretion of the trial court and will not be controlled unless abused.'" *Weaver v. State,* 161 Ga. App. 421 (288 SE2d 687) (1982). Because suspension had no relevance to the negligence issues before the jury, and because questioning Ms. Peal about it could not serve to impeach her since there was no showing or proffer of evidence that her statement that Awtrey was employed by the police department was untrue, the evidence was properly excluded.

Moreover, while a witness may be impeached on a collateral issue which is not directly material to the issues in a case, a witness may not be impeached because of a discrepancy as to a wholly immaterial matter. *Strickland v. State,* 166 Ga. App. 702 (305 SE2d 434) (1983).

The trial court did not err in granting the motion in limine, nor was Sagon's right to cross-examine Ms. Peal unduly restricted.

*Judgment affirmed. Birdsong, P. J., and Carley, J., concur.*

DECIDED JANUARY 29, 1985.

*George H. Connell, Jr.,* for appellant.
*Samuel A. Murray,* for appellee.