77823. CORBITT v. THE STATE.
(379 SE2d 535)

BEASLEY, Judge.

Defendant appeals his convictions of driving under the influence of alcohol, OCGA § 40-6-391 (a) (1), and speeding, OCGA § 40-6-181.

1. Defendant contends the trial court erred by denying his motion in limine to exclude evidence of a similar transaction because the evidence, a nolo contendere plea, was inadmissible under OCGA § 17-7-95 (c). The code section expressly prohibits the use of a nolo contendere plea against a defendant in any court proceeding as "an admission of guilt or otherwise or for any other purpose." This case does not fit the previous exceptions provided by law.

While we have permitted the admission of such a plea in a civil case for impeachment purposes, *Tilley v. Page,* 181 Ga. App. 98, 100 (351 SE2d 464) (1986), we have not done so in a criminal case, and the purpose here was not impeachment. Allowing the State to introduce the plea as evidence of a prior similar crime is exactly what the code section was designed to prevent. See *Fortson v. Hopper,* 242 Ga. 81, 83 (247 SE2d 875) (1978). As in *Beal v. Braunecker,* 185 Ga. App. 429, 432 (2) (364 SE2d 308) (1987), we are not persuaded "that we should ignore the plain language" of the code.

2. Defendant's first enumeration of error asserts a violation of OCGA § 17-7-210 because, within 10 days prior to trial, the State did not furnish a copy of his oral statement, made while in custody, refusing to submit to a blood-alcohol test. We do not reach the issue because it is moot, since defendant must be afforded a new trial. However, we note that OCGA § 40-6-392 (c) allows evidence of refusal as indicative of guilt. The application of OCGA § 17-2-210 would depend on the nature of this evidence.

*Judgment reversed. Banke, P. J., and Birdsong, J., concur.*

DECIDED FEBRUARY 10, 1989 —
REHEARING DENIED FEBRUARY 28, 1989 —

*Thomas L. Washburn III,* for appellant.
*James L. Webb, Solicitor, Patsy Y. Porter, J. Richard Edwards, Assistant Solicitors,* for appellee.