## A89A0259. ROCCO v. THE STATE.
(382 SE2d 391)

BENHAM, Judge.

All three of the enumerations of error in this appeal from a conviction for driving under the influence of alcohol involve the State's use of a previous conviction entered on a nolo contendere plea. We reverse.

The State seeks to justify the use of the nolo contendere plea because it was offered for the purpose of impeachment. Even assuming that appellant's present tense statement, "I don't drive drunk," would be contradicted by evidence that appellant had driven drunk in the past, the nolo contendere plea was not admissible for impeachment.

OCGA § 17-7-95 (c) "expressly prohibits the use of a nolo contendere plea against a defendant in any court proceeding as 'an admission of guilt or otherwise or for any other purpose.' This case does not fit the previous exceptions provided by law. While we have permitted the admission of such a plea in a civil case for impeachment purposes [cit.], we have not done so in a criminal case. . . . As in *Beal v. Braunecker*, 185 Ga. App. 429, 432 (2) (364 SE2d 308) (1987), we are not persuaded 'that we should ignore the plain language' of the code." *Corbitt v. State*, 190 Ga. App. 509 (1) (379 SE2d 535) (1989). Appellant is entitled to a new trial because of the admission of the nolo contendere plea. Id.

*Judgment reversed. Deen, P. J., and Birdsong, J., concur.*

DECIDED MAY 11, 1989 —
REHEARING DENIED MAY 24, 1989 —

*Daniel L. Dean, Fred J. Stokes*, for appellant.
*Ralph T. Bowden, Jr., Solicitor, N. Jackson Cotney, Jr., R. Andrew Fernandez, Assistant Solicitors*, for appellee.