S89G0103. THE STATE v. ROCCO.

(384 SE2d 183)

MARSHALL, Chief Justice.

We granted certiorari in *Rocco v. State*, 191 Ga. App. 655 (382

SE2d 391) (1989), in order to determine whether the holding of the Court of Appeals in this case can be reconciled with its holding in *Hollis v. State*, 191 Ga. App. 525 (6) (382 SE2d 145) (1989), as to the use of a nolo contendere plea for impeachment of a witness or a defendant in a criminal case.

In *Fortson v. Hopper*, 242 Ga. 81, 82-83 (247 SE2d 875) (1978), a nolo contendere plea is defined as an assertion by the defendant that he does not desire to contest the truth of the charges against him; thus, it is not a plea of guilty or a plea of not guilty; rather, it lies approximately midway between the two extremes; the right to enter such a plea is statutory in origin, and it was designed to cover situations in which the side effects of a guilty plea, in addition to the penalties provided by law, would be too harsh.

OCGA § 17-7-95 (c) provides, in pertinent part:

> Except as otherwise provided by law, a plea of nolo contendere shall not be used against the defendant in any other court or proceedings as an admission of guilt or otherwise or for any purpose. . . .[1]

In this case, the defendant was convicted of driving under the influence of alcohol. OCGA § 40-6-391 (a). On cross-examination, he was asked by the prosecutor, "[a]nd do you have any idea how many drinks it would take to make you less safe?. . . How many drinks before you simply won't go out and drive?" He responded, "I don't drive drunk." For impeachment purposes, the state was then allowed to introduce evidence of a prior DUI conviction of the defendant's entered on a plea of nolo contendere.

The Court of Appeals reversed the defendant's conviction on the ground that OCGA § 17-7-95 (c), supra, was violated as a result of this.

As authority in support of its decision, the Court of Appeals in this case cited *Corbitt v. State*, 190 Ga. App. 509 (1) (379 SE2d 535) (1989), cert. denied 259 Ga. (1989).

In *Corbitt*, another DUI conviction was reversed on the ground that the trial court erred in allowing the state to introduce a plea of

---

[1] Exceptions to OCGA § 17-7-95 (c) are found in OCGA § 40-5-63 (a) (2) and OCGA § 40-5-58 (d).

Under OCGA § 40-5-63 (a) (2), a person's driver's license is suspended for three years upon the second conviction of an offense listed in OCGA § 40-5-54 within five years, and for the purposes of OCGA § 40-5-63 (a) (2), a plea of nolo contendere shall constitute a conviction. *Howe v. Cofer*, 144 Ga. App. 589 (1) (241 SE2d 472) (1978).

Under OCGA § 40-5-58 (d), any nolo contendere plea shall be considered a conviction which can be used as the basis for declaring a person a habitual violator. *Smith v. State*, 248 Ga. 828 (1) (286 SE2d 709) (1982).

nolo contendere as evidence of a similar transaction. In *Corbitt*, supra, 190 Ga. App. at 509, the Court of Appeals stated:

> While we have permitted the admission of such a plea in a civil case for impeachment purposes, *Tilley v. Page*, 181 Ga. App. 98, 100 (351 SE2d 464) (1986), we have not done so in a criminal case, and the purpose here was not impeachment. Allowing the state to introduce the plea as evidence of a prior similar crime is exactly what the code section was designed to prevent. See *Fortson v. Hopper*, 242 Ga. 81, 83 (247 SE2d 875) (1978). As in *Beal v. Braunecker*, 185 Ga. App. 429, 432 (2) (364 SE2d 308) (1987), we are not persuaded "that we should ignore the plain language" of the code.

In *Tilley v. Page*, supra, 181 Ga. App. at 99-100 (4), the plaintiff had instituted a civil action for damages, alleging a conversion of the plaintiff's personal property by the defendant. The defendant was allowed to impeach the plaintiff based on a prior conviction for shoplifting entered on a nolo contendere plea.

The Court of Appeals, in a 5-4 en banc decision, affirmed, holding that a witness in a civil case may be impeached by a witness' prior conviction of a felony or other crime involving moral turpitude, notwithstanding the fact that the conviction was entered on a nolo contendere plea.

As authority in support of its holding, the Court of Appeals in *Tilley*, supra at 100, cited *Favors v. State*, 234 Ga. 80 (214 SE2d 645) (1975), and *Gilstrap v. State*, 250 Ga. 814 (2) (301 SE2d 277) (1983), wherein this Court held that a prosecution witness in a criminal case could be impeached through use of a criminal conviction, notwithstanding the fact that the conviction had been entered under the First Offender Act, which provides, in relevant part:

> [T]he defendant shall be discharged without court adjudication of guilt. The discharge shall completely exonerate the defendant of any criminal purpose and shall not affect any of his civil rights or liberties; and the defendant shall not be considered to have a criminal conviction.

OCGA § 42-8-62 (a).

In *Favors*, this Court held,

> In balancing the rights of a first offender to be protected against having the stigma of a criminal record as opposed to the rights of a defendant in a criminal case to impeach the testimony of the witnesses against him, the latter prevails.

234 Ga. at 87.[2]

In *Tilley*, four judges on the Court of Appeals dissented from the Division 4 majority holding. In this regard, it was stated in the dissent that *Favors*, supra, which was cited in the majority opinion, was "easily distinguishable," in that

> [t]here the defendant in a criminal case sought to impeach a state witness by the use of a first[-]offender plea, and in allowing him to do so the court balanced the defendant's right to a thorough and sifting cross-examination against the witness' right to the sanctity of his first[-]offender plea. Unquestionably, the court was correct in upholding the defendant's right to cross-examination.

181 Ga. App. at 102.[3]

In *Hollis v. State*, supra, the Court of Appeals held that the trial judge in a criminal case did not commit error in allowing the prosecutor to cross-examine

> one of defendant's character witnesses as to her knowledge of defendant's plea of nolo contendere to a criminal charge. The State initiated this examination after the witness testified on direct examination that the victim of a crime, for which defendant pleaded nolo contendere, "did not present any charges against [defendant]."

191 Ga. App. at 528.

---

[2] In *Moon v. State*, 154 Ga. App. 312 (1) (268 SE2d 366) (1980), the Court of Appeals, citing *Favors*, supra, held that, "[a]dmission of evidence of a [defense] witness' first offender conviction. . . for impeachment purposes, is not error." 154 Ga. App. at 312.

[3] In *Tilley*, supra, *Hightower v. Gen. Motors Corp.*, 175 Ga. App. 112, 113 (332 SE2d 336) (1985), was also cited.

In *Hightower*, the plaintiffs sued the defendants for improper repair of their automobile. However, subsequent to the transaction with the defendants, one of the plaintiffs had hired someone to steal and burn another automobile, as a result of which he pleaded guilty to an arson charge and was convicted under the First Offender Act. The trial court ruled that the defendants could use the conviction to impeach the plaintiff.

On appeal, the Court of Appeals, in a divided en banc decision, affirmed, holding, "[f]rom *Favors* and *Moon*, it logically follows that a first offender record may be used to impeach a witness in a civil case." 175 Ga. App. at 113.

We granted certiorari in *Hightower* and affirmed. *Hightower v. Gen. Motors Corp.*, 255 Ga. 349 (338 SE2d 426) (1986). However, we expressly deferred ruling on the question of "whether a first offender's guilty plea can be admitted, as such, to impeach a party in a civil case." 255 Ga. at 350-351. We held that, under the facts in *Hightower*, the witness was being impeached, not by reason of the fact that he had been convicted of a felony or other crime involving moral turpitude, but rather "by disproving the facts testified to by him" and "by proof of prior contradictory statements relevant to his testimony and to the case." Id. at 351. "In so ruling, we neither approve[d] nor disapprove[d] *Moon v. State*, supra." Id.

1. We hold that the Court of Appeals was correct in its reversal of the defendant's conviction in this case.

It would violate rules of evidentiary law, and contravene the purpose of OCGA § 17-7-95 (c), to allow the prosecution to elicit testimony from a criminal defendant on cross-examination and then impeach such testimony through use of a prior criminal conviction entered on a plea of nolo contendere.

A party may not question a witness concerning inadmissible matter and then elicit testimony thereafter to be impeached with evidence inadmissible in the case-in-chief. See *Hudgins v. Bloodworth & Co.*, 109 Ga. 197 (34 SE 364) (1) (1899); *Sagon v. Awtrey*, 173 Ga. App. 377 (326 SE2d 566) (1985); *E. H. Siler Realty &c. v. Sanderlin*, 158 Ga. App. 796 (1) (282 SE2d 381) (1981); 29 AmJur2d 316, Evidence, § 267 (1967). The right

> to a thorough and sifting cross-examination must be tempered and restricted so as not to infringe on privilege areas or wander into the realm of irrelevant testimony.

*Eades v. State*, 232 Ga. 735, 737 (2) (208 SE2d 791) (1974).

2. *Hollis v. State*, supra, is not in irreconcilable conflict with this case, in that the conviction of the defendant entered on the nolo contendere plea in that case was used to disprove the testimony of a defense witness that no charges had been brought against the defendant as a result of the crime which was the subject of the plea.

Thus, the fact that the nolo contendere plea had been entered, and not the defendant's guilt of the crime charged, was used to impeach the witness' testimony in *Hollis*. As to this, we find no error. Accord *Hightower v. Gen. Motors Corp.*, 255 Ga. 349, supra, which is discussed in fn. 2, supra; *In the Matter of Judge No. 491*, 249 Ga. 30 (287 SE2d 2) (1982).

3. Questions concerning the correctness of the Court of Appeals' majority decision in *Tilley v. Page*, supra, are not presented for decision in this case.

*Judgment affirmed. All the Justices concur, except Bell, J., who dissents.*

DECIDED OCTOBER 5, 1989.

*Ralph T. Bowden, Jr., Solicitor, N. Jackson Cotney, Jr., R. Andrew Fernandez, Assistant Solicitors,* for appellant.
*Fred J. Stokes, Daniel L. Dean,* for appellee.