## A90A0145. PROULX v. THE STATE.
### (395 SE2d 668)

POPE, Judge.

The issue presented in this appeal is whether the State may use as a similar transaction, evidence of an independent crime committed by the accused that resulted in a plea of nolo contendere, provided that no evidence of the actual nolo plea is introduced. Proulx is charged in this case with DUI. He was arrested at 2:30 a.m. on December 2, 1988, after a Cobb County police officer observed him driving erratically at the intersection of Hargrove Road and Cumberland Parkway. An intoximeter test on Proulx registered .10 grams percent alcohol. The similar transaction was another DUI that occurred in May 1986 within five miles of the site of the current crime charged. In that case, Proulx was stopped for erratic driving at 2:11 a.m. and registered .15 on the intoximeter test. He entered a plea of nolo contendere to that charge.

1. In *Corbitt v. State*, 190 Ga. App. 509 (1) (379 SE2d 535) (1989), this court held that the State may not use a *plea* of nolo contendere as evidence of a prior similar crime. In this case, the State distinguishes *Corbitt* by pointing out that it does not seek to introduce evidence of the nolo *plea*, but rather will produce witnesses to the prior similar transaction who will testify as to the circumstances of it, but not as to its disposition. The purpose of the legislation establishing the plea of nolo contendere was discussed by the court in *Wright v. State*, 75 Ga. App. 764 (44 SE2d 569) (1947). After noting that a plea of guilty could be used against a person, if otherwise admissible, as an admission of guilt and that the plea also carried substantial civil disabilities, the court stated that the plea of nolo contendere was created by the legislature to ameliorate the harsh effects of a guilty plea. "[P]rovision was made for a plea of guilty that in the discretion of the court could be employed by defendants thus guilty of crime, which would authorize the court to impose the punishment fixed by statute as to the offense charged, without also carrying with it the objectionable and infamous provisions of law as herein outlined." Id. at 766.

Defendant argues that allowing the State to use such evidence flies in the face of the policy explained in *Wright*. We disagree. As we read OCGA § 17-7-95 (c), the Code section allowing the nolo contendere plea, and *Wright*, the evil sought to be remedied is the use of a plea as a shortcut to brand a person in subsequent proceedings and to avoid imposition of civil disabilities as a result of the plea. To

adopt defendant's argument would require us to transform the plea of nolo contendere into the privilege of first offender treatment, as granted by OCGA §§ 42-8-60 through 42-8-65. Merely proving the prior similar transaction, without reference to its disposition by plea of nolo contendere, is permissible and does no harm to the policy embodied in OCGA § 17-7-95 (c).

2. The trial court correctly concluded that the prior transaction was sufficiently similar to be admissible.

*Judgment affirmed. Deen, P. J., concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

I concur in the rulings but not in the dictum in Division 1 regarding the underlying evidence when first offender treatment is afforded. That question is not before us.

DECIDED JULY 11, 1990.

*Cochran, Camp & Snipes, Scott A. Cochran*, for appellant.

*Patrick H. Head, Solicitor, B. Martin First, Beverly M. Hartung, Assistant Solicitors*, for appellee.