### A01A0822. VANEGAS v. THE STATE.
(547 SE2d 718)

ELDRIDGE, Judge.

On September 2, 2000, William Vanegas was cited for speeding[1] in violation of OCGA § 40-6-181. Defendant appeared in the City Court of Atlanta on September 29, 2000, and, through counsel, tendered a petition to enter a plea of nolo contendere to which the court replied only, "This Court does not accept that plea, ma'am." On this and without objection, counsel announced, "Then my client is pleading not guilty, Your Honor." After the presentation of the evidence, the court found the defendant guilty and pronounced sentence, imposing a $330 fine. Thereafter, the court granted defendant's motion for a supersedeas bond in the amount of $800. The defendant appeals contending that the city court abused its discretion: (1) in refusing to consider the petition, and (2) by fixing his supersedeas bond in an excessive amount. Finding that the city court's refusal to consider defendant's tender of petition to enter a plea of nolo contendere was waived and the amount of the supersedeas bond set to be moot, we affirm. *Held*:

1. The plea of nolo contendere was authorized by the legislature to provide a means by which the side effects attendant to a plea of guilty might be avoided where deemed excessive in addition to the penalty provided by law upon entry of the plea. *Fortson v. Hopper*, 242 Ga. 81, 83 (247 SE2d 875) (1978). The defendant's statutory privilege to enter a plea of nolo contendere lies within the sound discretion of the trial court, OCGA § 17-7-95 (a); *Bennett v. State*, 153 Ga. App. 21, 28 (5) (264 SE2d 516) (1980); *Smith v. State*, 76 Ga. App. 847

---

[1] The traffic citation issued the defendant alleged he was traveling 56 mph in a 35-mph zone.

(2) (47 SE2d 518) (1948), requiring that the parties' views and the public's interest in the effective administration of justice be considered in the exercise thereof. *Dixon v. State*, 240 Ga. App. 644, 645 (1) (a) (524 SE2d 734) (1999). While there is no right to enter a plea of nolo contendere, a right to tender a petition to enter such a plea necessarily arises out of the privilege to do so given by statute. "The provisions of [Uniform Superior Court Rule] 33[2] are mandatory in this State." *Roper v. State*, 246 Ga. App. 553, 554 (1) (541 SE2d 130) (2000). Trial judges are required to give due consideration to plea agreements upon the tender of a guilty plea or plea of nolo contendere. USCR 33.5 (C). Further, USCR 33.7 requires that pleas of guilty and nolo contendere not be accepted except upon a determination of record that the plea is voluntary. *Roper v. State*, supra.

The plain language of the city court concerning defendant's petition here evidences a blanket policy foreclosing any consideration of the propriety of the plea of nolo contendere in all cases. By its refusal to consider the propriety of such a plea in all cases, the city court abdicated its judicial responsibility. See *Jones v. State*, 208 Ga. App. 472, 473 (431 SE2d 136) (1993), citing *Cottingham v. State*, 206 Ga. App. 197, 199 (3) (424 SE2d 794) (1992) (mechanical sentencing an abdication of judicial responsibility for refusal to exercise discretionary sentencing authority).

Neither may the defendant's conviction upon plea of not guilty be deemed a waiver of his right to tender his petition to plead nolo contendere. The record shows that rather than giving this right up, the defendant asserted the same in lieu of entering a plea of not guilty or guilty upon being arraigned, a plea of nolo contendere, if entered, avoiding civil disqualifications attendant to conviction,[3] whether upon a plea of guilty, *Fortson v. Hopper*, supra, or not guilty. See *Don-*

---

[2] USCR 33.1 provides:
(A) A defendant may plead guilty, not guilty, or in the discretion of the judge, nolo contendere. A plea of guilty or nolo contendere should be received only from the defendant personally in open court, except when the defendant is a corporation, in which case the plea may be entered by counsel or a corporate officer. (B) A defendant may plead nolo contendere only with the consent of the judge. Such a plea should be accepted by the judge only after due consideration of the views of the parties and the interest of the public in the effective administration of justice. Procedurally, a plea of nolo contendere should be handled under these rules in a manner similar to a plea of guilty.

[3] Among other things, a conviction arising from a plea of nolo contendere cannot be used to impose any disability inclusive of disqualification from voting, holding public office, and jury service, OCGA § 17-7-95 (c); Op. Atty. Gen. 83-33; a nolo contendere plea is inadmissible as evidence of a prior similar crime, *Corbitt v. State*, 190 Ga. App. 509 (1) (379 SE2d 535) (1989); a nolo contendere plea " 'cannot be used as an admission of guilt in any other proceeding,' " *Fortson v. Hopper*, supra; and for a first offense of exceeding the speed limit 19 mph or more but less than 24 mph, as here, traffic points may not be assessed thereon for purposes of suspending or revoking a driver's license. OCGA § 40-5-57 (c) (1) (A), (B).

*aldson v. State*, 244 Ga. App. 89, 92 (534 SE2d 839) (2000), citing *Boykin v. Alabama*, 395 U. S. 238, 243 (89 SC 1709, 23 LE2d 274) (1969) (entry of plea of guilty in state criminal trial waives the privilege against compulsory self-incrimination, the right to trial by jury, and the right to confront one's accusers).

However, if the right to tender a petition to enter a plea of nolo contendere is to be preserved on appeal, the record must reflect an objection and ruling thereon to avoid waiver. Here, there is neither the required objection nor ruling, and defendant's claim on appeal is waived. "A party cannot ignore what he thinks to be error, take his chance on a favorable verdict, and complain on appeal." (Citations and punctuation omitted.) *West v. State*, 224 Ga. App. 190, 191 (2) (480 SE2d 238) (1997).

2. In light of our disposition of Division 1, the question of defendant's supersedeas bond as excessive is rendered moot. Even were this not the case,

> the amount of bond to be assessed rests within the discretion of the trial court and will not be disturbed absent an abuse of such discretion. [*Jones v. Grimes*, 219 Ga. 585, 587 (134 SE2d 790) (1964)]; see also OCGA § 5-6-45 (a); *Goodine v. Griffin*, 309 FSupp. 590, 591 (S.D. Ga. 1970); *Clarke v. State*, 228 Ga. App. 219 (491 SE2d 450) (1997).

*Dudley v. State*, 230 Ga. App. 339, 340 (496 SE2d 341) (1998). Moreover, we note that the amount of a bond as reasonable or excessive is not susceptible to objective measurement under bright line rules. *Jones v. Grimes*, supra. Rather, it results upon a consideration of a range of factors.[4] The principal focus of these is the "probability of the appearance of the accused, or of his flight to avoid punishment." (Punctuation omitted.) Id. at 587 (2).

While defendant argues his indigence on appeal and the fact that the city court refused to hear argument as to why a bond reduction was necessary, these claims are unsupported in the record. To the contrary, it appears that the defendant is represented by retained counsel on appeal as he was below and that, rather than being refused a hearing on the bond as excessive, defendant did not seek such a hearing, stating through counsel only that he felt the appeal bond was excessive. "Factual assertions in appellate briefs which are not supported by evidence in the record cannot be consid-

---

[4] Other factors to be considered in setting the amount of bond are the "ability of the defendant to pay, the seriousness of the offense, the length of the sentence imposed, the character and reputation of the accused, and whether there has been a forfeiture of other bonds. [Cit.]" *Dudley v. State*, supra.

ered in the appellate process." (Citations and punctuation omitted.) *Robinson v. Stokes*, 229 Ga. App. 25, 27, n. 1 (493 SE2d 5) (1997). Under these circumstances and apart from the issue as moot, we find no abuse of discretion in the amount of the supersedeas bond as set.

*Judgment affirmed. Andrews, P. J., and Miller, J., concur.*

DECIDED APRIL 10, 2001.

*Jamie L. Smith*, for appellant.
*Joseph J. Drolet, Solicitor-General, Erik B. Fortner, Craig E. Miller, Assistant Solicitors-General*, for appellee.