## A04A0311. CRUMPTON v. THE STATE.
(599 SE2d 297)

JOHNSON, Presiding Judge.

Michael Crumpton was charged with simple battery. He pled not guilty, and the case was set for trial. When the court called the case for trial on March 17, Crumpton was not present. As a result, the trial court issued a bench warrant for Crumpton's arrest. Crumpton did appear in court later that day and, while represented by counsel, pled guilty to the charge of simple battery. After a hearing, the trial court accepted the plea and sentenced Crumpton to serve 12 months in jail and ordered him to undergo counseling, have no contact with the victim, and pay a $200 fine. The court gave Crumpton credit for the two days he had already spent in jail and ordered him to serve the balance of the sentence on probation.

The next day, Crumpton filed a pro se Motion for Reduction or Modification of Sentence, claiming that the solicitor-general had coerced him into pleading guilty by telling him that he could either plead guilty or spend 30 days in jail pursuant to the bench warrant. During a March 20, 2003 hearing on the motion, Crumpton stated that he had been late for court on March 17 because he had to go get a witness for his defense. He argued that his sentence should be modified because he had not had a chance to prepare his defense. The court stated that it would not modify Crumpton's sentence but that it would permit him to withdraw his guilty plea. Crumpton opted to withdraw the plea, and the court announced that the case would be placed on the next trial calendar. The solicitor-general then informed the court that there was no current bond posted by Crumpton. The court advised Crumpton that he would need to post a new bond to secure his appearance for the newly-set trial. Crumpton objected, saying he had already paid a bondsman once on the charge. The trial court explained to Crumpton that the original bondsman was released when Crumpton pled guilty to the charge a few days earlier and that if he withdrew the guilty plea, he would either need to post a new bond or be arrested. Crumpton stated that he would withdraw his motion and let the guilty plea and sentence stand because he did not want to post bond again. This appeal follows.

In a single enumeration of error, Crumpton contends that the court "erred in allowing the [solicitor-general] to require [him] to await a trial at a subsequent trial term in jail if he did not plead guilty to simple battery at the call of the calendar on March 17, 2003." He urges that the solicitor-general was vindictive and pressured him into pleading guilty. For several reasons, his arguments present no basis for reversal.

a. Crumpton's claim that he was pressured or coerced into pleading guilty is not supported by the record. The transcript of the

March 17 plea hearing shows that Crumpton, who was represented by counsel, understood the charge filed against him and the maximum penalty he faced on the charge. The transcript further shows that the court advised Crumpton of his rights, that he understood his rights, that his attorney explained to him all of the elements of simple battery, and that Crumpton did not need more time to meet with his attorney. When the court asked Crumpton a series of questions regarding the voluntariness of his guilty plea, such as whether anyone threatened him in any manner to coerce him into entering the plea, he replied, "No." And when asked if anyone promised him any type of leniency or hopes of benefit to induce him to enter that plea, Crumpton responded, "No." The court found that Crumpton freely and voluntarily entered the plea after being fully advised of his rights. Crumpton's claim that he was coerced into pleading guilty is simply not supported by the record.[1]

b. Nor is Crumpton's more specific claim that he was forced to choose between pleading guilty and being jailed until a subsequent term of court supported by the record. The transcript of the March 17 hearing contains no evidence of any such offer. Likewise, there is nothing in the transcript of the March 20 hearing affirming his claim that he was forced to choose between entering a guilty plea and serving a long period of time in jail awaiting trial. And Crumpton fails to point to any evidence in the record showing that the solicitor-general was vindictive. Factual assertions in appellate briefs which are not supported by the record cannot be considered by this Court.[2]

c. Crumpton argues that the court should have allowed the case to proceed to trial on March 17 "for the reasons outlined above without any new bond being necessary." As discussed above, Crumpton has not demonstrated by the record that he was coerced into pleading guilty. Nor has he pointed to any authority showing that the trial court erred in requiring that he post a new bond with the new "not guilty" plea after the first bondsman was released. We point out that the case was not tried on March 17 because Crumpton was late for court; according to the state, it had already excused its witnesses for the day. One cannot complain of a result his own conduct aided in bringing about.[3]

*Judgment affirmed. Smith, C. J., and Phipps, J., concur.*

---

[1] See generally *Johnson v. State*, 275 Ga. 538, 539-540 (570 SE2d 289) (2002).

[2] *Vanegas v. State*, 249 Ga. App. 76, 78-79 (2) (547 SE2d 718) (2001).

[3] See generally *Callaway v. State*, 258 Ga. App. 118, 123 (572 SE2d 751) (2002).

DECIDED MAY 10, 2004.

*John E. Dalton, Jr., J. Stephen Gupton, Jr.*, for appellant.
*Richard W. Shelton, Solicitor-General, Sandra K. Sanders, Assistant Solicitor-General*, for appellee.