46164.   QUINN et al. v. RAINWATER.

EBERHARDT, Judge. Quinn, d/b/a Coleman Brothers, a supplier of materials to Payne, a contractor, for the improvement of Rainwater's real estate, obtained a judgment against Payne and when the sheriff returned a nulla bona on the execution, sought to obtain judgment against Rainwater. Depositions of Rainwater, Quinn and his bookkeeper, Mary Jo Quinn, were taken, and using these, as well as some documentary evidence, including checks which were issued payable jointly to Payne and Quinn (but which were not paid, payment having been stopped thereon) and the supplier's record of the account, Rainwater moved for summary judgment, which was granted, and Quinn appeals. *Held:*

In his order granting summary judgment the trial judge recited that there was no material issue of fact. We disagree. That finding necessarily includes a holding that the checks were accepted in full payment by the contractor, and that the contractor's affidavit taken November 1, 1968, that all bills for labor and materials used in making the improvement had been fully paid when there was outstanding a claim for lien by Quinn which had been recorded October 28, 1968, was sufficient to comply with the requirements of *Code Ann.* § 67-2001 and thus release and relieve Rainwater of Quinn's claim of lien. We doubt that this issue of fact is resolved by the evidence presented, particularly under the rulings made in *Green v. Farrar Lumber Co.,* 119 Ga. 30 (46 SE 62); *Tuck v. Moss Mfg. Co.,* 127 Ga. 729 (56 SE 1001), and *Short & Paulk Supply Co. v. Dykes,* 120 Ga. App. 639 (2) (171 SE2d 782) concerning the duty of the owner to see that the funds are properly applied by the contractor.

We observe also that there appears to be a factual issue as to

whether Quinn, who now seeks to enforce a lien, himself misapplied funds paid to him by Payne when crediting certain payments to a general account against Payne rather than to the special account for the Rainwater job, knowing at the time that the payments received had come from Rainwater.

These issues should be submitted to a jury, along with any others which may be unresolved.

*Judgment reversed. Hall, P. J., concurs. Whitman, J., concurs in the judgment.*

ARGUED MAY 7, 1971—DECIDED SEPTEMBER 7, 1971.

*Jean Wm. Levy,* for appellants.

*Jones, Bird & Howell, Peyton S. Hawes, Jr., C. Dale Harman,* for appellee.