54119. HARPER v. THE STATE.

McMURRAY, Judge.

The defendant was indicted for theft by taking in two counts. He was found not guilty of the first count occurring on November 23, 1974, but was convicted of

Count 2, which allegedly occurred on November 26, 1974. The charges concern the taking of concrete pipe by the defendant who delivered same to another individual. He was arrested while delivering the second load of concrete pipe. He was sentenced to serve a term of two years. A motion for new trial, as amended, was denied, and defendant appeals. *Held:*

1. The evidence was sufficient to support the verdict of guilty of theft by taking, that is, the unlawful taking of property of another, with the intention of depriving the owner of said property. In this instance he was required to deliver the pipe to another location; instead he was found unloading pipe where he had agreed to sell it to another. See *Searcy v. State,* 236 Ga. 789 (225 SE2d 311); *Dean v. State,* 238 Ga. 537 (233 SE2d 789); *Hess v. State,* 132 Ga. App. 26 (207 SE2d 580). The enumeration of error complaining that the verdict was strongly against the weight of the evidence and contrary to the evidence, the evidence demanded acquittal for the defendant and was inconsistent inasmuch as the jury returned a verdict of not guilty as to the first count, is not meritorious. The case of *Kuck v. State,* 149 Ga. 191 (99 SE 622), is not applicable here since the factual basis of the two cases is entirely different. See *Jackson v. State,* 230 Ga. 640 (198 SE2d 666).

2. The defendant having made no evidentiary showing whatsoever of prejudicial pre-trial publicity, the trial court did not err in denying the motion for continuance. Mere allegations that the defendant would be incapable of examining prospective jurors about the publicity without drawing attention to his criminal record is insufficient to require the granting of a continuance. The trial court has a wide discretion and no abuse of same has been shown. See in this connection *Dutton v. State,* 228 Ga. 850, 852 (188 SE2d 794) and cits.

3. Code § 38-1707 clearly states that a witness may refresh and assist his memory by use of a written memorandum, provided that he finally shall testify from his recollection thus refreshed, "or shall be willing to swear positively from the paper." The trial judge specifically instructed the witness here to testify from

memory and to use his notes only to refresh that memory. See *Crawford v. State,* 236 Ga. 491, 493 (224 SE2d 365). There is no merit in the error claimed in the overruling of the objection to the way in which a police officer witness was examining notes to refresh his recollection. *Shouse v. State,* 231 Ga. 716, 718 (203 SE2d 537).

*Judgment affirmed. Bell, C. J., and Smith, J., concur.*

SUBMITTED JUNE 27, 1977 — DECIDED JULY 14, 1977.

*Surrett, Thompson, Bell, Choate & Walker, James D. Walker, Jr.,* for appellant.

*Richard E. Allen, District Attorney, Stephen E. Curry, Assistant District Attorney,* for appellee.