## 66933. WILLIAMS et al. v. DOUGLAS COUNTY SCHOOL DISTRICT et al.

BIRDSONG, Judge.

In this appeal from a jury verdict of $1,350 in this condemnation proceeding, appellants/condemnees enumerates two errors in the judgment of the trial court.

1. Appellants' first enumeration challenges the trial court's denial of their motion for mistrial. Several minutes before the jury returned its verdict, the bailiff reported to the court a question asked by the jury. The court directed the bailiff to inform the jurors that they would have to decide the case in accordance with the court's charge. The bailiff so informed the jury, and it is this communication by the bailiff to the jury that forms the basis for the motion for mistrial.

This enumeration is entirely without merit. The record reveals that the only communication by the bailiff was at the direction of the trial judge, which is precisely when the bailiff is authorized to communicate with the jury. See OCGA § 15-12-140 (Code Ann. § 59-717). It is well settled that the trial judge has "great discretion in the trial procedures utilized in the forum over which the judge presides." *Young v. Jones,* 149 Ga. App. 819, 823 (256 SE2d 58). We find not the slightest abuse of discretion in the court's direction that the bailiff communicate such a court directive to the jury. Further, appellants have shown no prejudice accruing from the court's action. Under these circumstances, we find no abuse of the trial court's discretion in denying the motion for mistrial. *Bullock v. Bullock,* 244 Ga. 538, 540 (261 SE2d 331).

2. Appellant's second enumeration of error, which challenges the trial court's refusal to instruct the jury on consequential damages, is equally without merit. The only testimony supporting an award of consequential damages was Williams' testimony that the value of his property had diminished $31,500 as a result of the taking. Appellee's evidence demonstrated no diminution in the value of the property remaining after the taking. Williams provided no basis for this opinion, other than stating his conclusion that the sanitary easement in question cut him off from a portion of his property, which is a conclusion that has no factual basis whatsoever. It is well

settled that an unsupported opinion as to value is not competent evidence and has no probative evidentiary value unless a proper foundation is first laid. *In the Interest of J. C.,* 163 Ga. App. 822 (2) (296 SE2d 117); *Hoard v. Wiley,* 113 Ga. App. 328 (147 SE2d 782). No foundation was laid to support Williams' bare opinion testimony relating to consequential damage, and there was no other evidence that would support such an award. The trial court correctly ruled that the issue of consequential damages should not be submitted to the jury.

*Judgment affirmed. Shulman, C. J., and McMurray, P. J., concur.*

DECIDED OCTOBER 7, 1983.

*Harold A. Lane,* for appellants.
*Marshall L. Helms, Jr.,* for appellees.