## 71285. JONES v. THE STATE.
(342 SE2d 5)

POPE, Judge.

The 17-year-old defendant Jones appeals his conviction of the offense of aggravated child molestation (OCGA § 16-6-4), enumerating as error the allowance of testimony of the 7-year-old victim and the admission of his confession in evidence.

1. The young victim was questioned extensively by both counsel and the court. While she was at first unresponsive she subsequently answered affirmatively that she knew what the truth was, understood what telling the truth meant and was aware that she would be punished if she did not tell the truth. Contrary to appellant's assertion that the child was never asked or qualified as to her understanding of the consequences of lying under oath, she told the district attorney she remembered that she "swore before God and everybody" in court to tell "what really did happen." She also responded to the judge that she knew she was not supposed to "make something up" in court, and that if she did she would "get in real bad trouble." Although he first expressed some doubts, the trial court eventually determined that the victim was competent to testify, and we find no manifest abuse of discretion which would require our interference. *Henry v. State*, 176 Ga. App. 462 (2) (336 SE2d 588) (1985); *Chadwick v. State*, 176 Ga. App. 296 (3) (335 SE2d 674) (1985); *Thomas v. State*, 175 Ga. App. 873 (2) (334 SE2d 903) (1985).

2. The following evidence was submitted by the State during a *Jackson-Denno* hearing in support of admission of appellant's confession: The victim's and appellant's families were close friends and neighbors. On New Year's Day 1985, appellant walked the victim from his home, where she had been visiting, the 25 or so yards to her house, but they did not arrive for about 30 minutes. Five days later the victim told her mother, who overheard her talking to a friend, that when they went home appellant took her in the woods, took off

her clothes and made her suck his penis. The victim had not told her mother because "I was scared my mama would whip me." The mother talked to various family members and then reported the incident to two deputies of the Carroll County Sheriff's Department. Appellant was brought to the sheriff's office by his father to talk to these deputies. Appellant was given his *Miranda* rights and his father asked one of the deputies to leave the room to talk privately with him (the father). While his father was out of the room appellant wrote and signed a statement that he took the victim behind some trees at his house on New Year's Eve "and made her suck me." The deputy testified that he told appellant he would feel better as a human being if he admitted what he had done before appellant wrote the statement. Appellant testified that the deputy told him if he signed a confession "it will all be over with." The trial court determined that the confession was voluntary and admissible.

Appellant contends that he made the confession only because he understood that he would be released if he admitted the charges, that it showed the wrong date and gave no details, and that he recanted it to his father on the way home from the sheriff's office. Appellant does not deny that he was informed of his rights or made the confession, but denies committing the crime. However, the evidence was sufficient to support the guilty verdict, and factual and credibility determinations in regard to the voluntariness of a confession must be accepted by appellate courts unless such determinations are clearly erroneous. We cannot say that the ruling of admissibility here was clearly erroneous. *Thomas v. State*, 175 Ga. App. 873 (3), supra; *Hambrick v. State*, 175 Ga. App. 207 (5) (332 SE2d 907) (1985); *Thomas v. State*, 174 Ga. App. 761 (2) (331 SE2d 627) (1985).

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED FEBRUARY 10, 1986 —
REHEARING DENIED FEBRUARY 24, 1986 —

*T. Christopher Pyles, Gerald P. Word*, for appellant.
*Arthur E. Mallory III*, District Attorney, *Robert E. Rivers, Jr., Randall K. Coggin*, Assistant District Attorneys, for appellee.