75408. LOVELL v. THE STATE.
(365 SE2d 133)

CARLEY, Judge.
Appellant was tried before a jury on an indictment which charged

him with two counts of child molestation, one count of aggravated child molestation, and one count of aggravated sodomy. While the jury was deliberating, the State dismissed the charge of aggravated sodomy. See OCGA § 17-8-3. When the jury requested that it be given further instructions as to the aggravated child molestation and aggravated sodomy charges, the trial court informed the jury of the State's dismissal of the latter charge. Thereafter, the jury returned a not guilty verdict on one of the counts of child molestation and guilty verdicts as to the other charge of child molestation and the charge of aggravated child molestation. The trial court entered judgments of conviction and sentences on the guilty verdicts and appellant appeals therefrom.

1. Appellant enumerates the general grounds.

" 'After the jury has returned a verdict of guilty, where the defendant seeks a reversal of his conviction on appeal by . . . asserting the insufficiency of the evidence, the only question presenting itself to the appellate court is whether there is sufficient evidence to satisfy a rational trier of fact of the essential elements of the crime charged beyond reasonable doubt. [Cit.]' [Cit.] The alleged victim testified in detail as to what occurred. The act[s] she attributed to appellant did in fact constitute molestation [and aggravated molestation, respectively]." *Castillo v. State*, 178 Ga. App. 312 (2) (342 SE2d 782) (1986). Much of the minor victim's testimony was corroborated, although a conviction of appellant for commission of the crimes at issue would not require such corroborative evidence. See *Scales v. State*, 171 Ga. App. 924 (2) (321 SE2d 764) (1984). Based on a review of the entire record, we find that a rational trior of fact could reasonably have found appellant guilty beyond a reasonable doubt of child molestation and aggravated child molestation. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Several of appellant's enumerations of error relate to the trial court's admission into evidence of a tape recording which had been made of an interview between the victim and a social worker. Appellant's only objection to the admission of the tape recording at trial was that it constituted "hearsay, adding particular emphasis to possible witness' testimony. . . ." However, under OCGA § 24-3-16, the tape recording was not susceptible to a hearsay objection. See *Sanders v. State*, 182 Ga. App. 581, 584 (3) (356 SE2d 537) (1987). See also *Newberry v. State*, 184 Ga. App. 356 (361 SE2d 499) (1987). Remaining contentions that are now made on appeal as to the inadmissibility of the tape recording were not raised below and will not be considered. "[T]here is a significant variance between the objection raised by appellant during trial and the error[s] enumerated on appeal. [Cit.]. . . . 'A party cannot during the trial ignore what he thinks to be an injustice, take his chance on a favorable verdict, and complain

later.' [Cit.]" *Sprayberry v. State*, 174 Ga. App. 574, 575 (1) (330 SE2d 731) (1985).

3. Appellant enumerates as error the trial court's ruling that the minor victim was a competent witness. "Once a child's competency has been thoroughly tested in court, it is within the sound discretion of the trial court whether or not to rule the child competent to testify as a witness. [Cits.] Because the trial court has had the opportunity to observe the child during the competency examination and because such observation provides material indicia of competency (or the lack thereof) which this court cannot glean from a cold record, we will upset the ruling of competency only when the record clearly shows that the child was not competent. . . . [Cits.]" *Pope v. State*, 167 Ga. App. 328, 329 (1) (306 SE2d 326) (1983). Our review of the record does not clearly show that the child was not competent to testify as a witness. Accordingly, this enumeration is without merit.

4. Appellant enumerates as error the trial court's act of informing the jury that the aggravated sodomy charge had been dismissed by the State.

Appellant has cited no authority for the proposition that the trial court's action was either erroneous or harmful. As indicated previously, the information was imparted to the jury after it had requested further instructions from the trial court. "When the jury is confused and in doubt and requests further instructions on a particular point, it is the duty of the court to further instruct them. [Cits.]" *Freeman v. State*, 142 Ga. App. 293, 294-295 (4) (235 SE2d 560) (1977). The jury had expressed confusion with regard to the difference between aggravated child molestation and aggravated sodomy. The trial court acted in the apparent belief that the removal of such confusion could possibly be accomplished by simply informing the jury that one of those counts need not be considered. In order to assure itself that this method had successfully alleviated the jury's confusion, the trial court asked if there was need for any further instructions. See generally *Murray v. State*, 180 Ga. App. 493, 494 (1) (349 SE2d 490) (1986). The trial court was clearly authorized to inform the jury of the disposition of one of the charges and, there being no request for any further instructions as to the aggravated child molestation charge which remained, it correctly ordered the jury to return to its deliberations. This enumeration of error is without merit.

*Judgment affirmed. Banke, P. J., and Benham, J., concur.*

DECIDED JANUARY 12, 1988.

*Claude S. Beck*, for appellant.
*Michael H. Crawford, District Attorney, E. J. McCollum, Assis-*

*tant District Attorney*, for appellee.