76786. JOHNSON v. THE STATE.
(373 SE2d 284)

POPE, Judge.

Defendant Rufus Johnson brings this appeal following his convictions for the offenses of statutory rape (three counts) and child molestation (one count). *Held*:

1. Defendant first contends that the trial court erred in admit-

ting into evidence his in-custody statement, in which defendant admitted he engaged in sexual intercourse with the three minor victims and molested a fourth victim. At the *Jackson-Denno* hearing conducted prior to the admission of defendant's statement, it was revealed that the defendant was initially confused as to what constituted the offense of statutory rape; the defendant insisted he had committed no crime because he did not *force* anyone to engage in sexual intercourse with him. The officer conducting the interview testified at the hearing that he explained to defendant that the crime of statutory rape involved having sexual intercourse with someone under the legal age of fourteen and that issues of consent and force were irrelevant. The officer testified that defendant was repeatedly informed of his rights, that he appeared to understand his rights, that he did not appear to be under the influence of drugs or alcohol and that he had a tenth grade education. The officer also testified that neither threats nor promises were made to defendant in hopes of gaining his confession.

"In deciding the admissibility of a statement during a *Jackson-Denno* hearing, the trial court must consider the totality of the circumstances and must determine the admissibility of the statement under the preponderance of the evidence standard." (Punctuation omitted). *Howard v. State,* 180 Ga. App. 817 (1) (350 SE2d 825) (1986). "Although not without conflict, the evidence produced at that hearing did support the trial court's finding that [defendant's] statement had been freely and voluntarily made. 'A trial court's findings as to factual determinations and credibility relating to the admission of in-custody statements will be upheld on appeal unless clearly erroneous. (Cit.)' [Cits.] The trial court did not err in admitting [defendant's] in-custody statement into evidence." *Hart v. State,* 185 Ga. App. 141, 142 (363 SE2d 599) (1987). Accord *Gaines v. State,* 179 Ga. App. 623 (1) (347 SE2d 673) (1986); see also *Sanders v. State,* 182 Ga. App. 581 (1) (356 SE2d 537) (1987); *Grayer v. State,* 181 Ga. App. 845 (4) (354 SE2d 191) (1987); *Newsome v. State,* 180 Ga. App. 243 (3) (348 SE2d 759) (1986); *Jones v. State,* 178 Ga. App. 15 (2) (342 SE2d 5) (1986).

2. Defendant also complains of testimony by the mother of one of the victims, contending that such testimony was irrelevant and prejudicial. The record shows, however, that defendant did not object to this testimony at the time it was offered. " 'A party cannot during the trial ignore what he thinks to be an injustice, take his chance on a favorable verdict, and complain later.' [Cit.]" *Sprayberry v. State,* 174 Ga. App. 574, 575 (330 SE2d 731) (1985). See also *Lovell v. State,* 185 Ga. App. 521 (2) (365 SE2d 133) (1988); *Hart v. State,* supra at (2). This enumeration is without merit.

3. Defendant also enumerates as error the admission of evidence

of other crimes, specifically incidences of sexual activity with the victims that were not included in the indictment.

As to the first instance complained of, the record shows that when the prosecutor realized the victim was testifying to an incident that occurred in another county, he immediately discontinued questioning the witness on that occurrence. In overruling defendant's subsequent motion for mistrial, the trial court noted that defense counsel "sat right there and didn't say a word, and then you cross-examined her on the same identical thing." Under these circumstances, we find no error.

As to the second incident complained of on appeal, the record shows that as soon as it was evident that the witness was testifying to activity that occurred in another county, the trial court interrupted the examination of the witness and instructed that such testimony would not be allowed. The prosecutor also advised the witness to limit her testimony to events that occurred in the county in which the defendant was being tried. This enumeration affords no basis for reversal.

4. Defendant also challenges the sufficiency of the evidence (second enumeration) and, in a related argument, contends his conviction must be reversed because it was based on false testimony (fifth enumeration). As to these enumerations the record shows that several of the victims denied at trial that they had sex with the defendant, in contradiction to earlier statements given by them. The record also shows that the victims subsequently recanted their denials, testified that they had had sex with the defendant and explained their earlier denials were caused by fear of the defendant who, the record reveals, had contacted several of the victims the night before the trial. Although at trial defendant denied having sexual intercourse with or molesting the victims, their testimony was corroborated by defendant's in-custody statement and by the testimony of other witnesses.

"If a witness shall willfully and knowingly swear falsely, his testimony shall be disregarded entirely, *unless* corroborated by circumstances or other unimpeached evidence." (Emphasis supplied.) OCGA § 24-9-85 (b). "[O]n the question of the wilfulness of [the victims'] false swearing [they were] entitled to explain [their] reasons for doing so, and the jury could consider this explanation in passing on [their] credibility. [Cits.] The jury could have believed [their] explanation that [they] gave a false account of the [crimes] because [they] were afraid of the defendant. . . . Furthermore, [as stated above, their] testimony was corroborated [by both the in-custody statement of the defendant and the testimony of other witness]." (Paragraph indention omitted.) *Montgomery v. State*, 224 Ga. 845, 848 (165 SE2d 145) (1968). See also *Mitchell v. State*, 169 Ga. App. 630 (1) (314 SE2d 468) (1984). Consequently, there is no merit to defendant's argument

that this testimony should be disregarded. The evidence was sufficient. Accord *Timmons v. State*, 182 Ga. App. 556 (356 SE2d 523) (1987); *Runion v. State*, 180 Ga. App. 440 (1) (349 SE2d 288) (1986); *Stewart v. State*, 180 Ga. App. 266 (1) (349 SE2d 18) (1986); *Newsome v. State*, supra at (1).

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED SEPTEMBER 21, 1988.

*Jerry C. Gray*, for appellant.
*Timothy G. Madison, District Attorney*, for appellee.