A89A0029. HOLLIS v. THE STATE.
(382 SE2d 145)

McMurray, Presiding Judge.

Defendant filed this appeal after being convicted of robbery. *Held*:

1. Defendant first contends that there was an improper communication between the deputy sheriff, who was apparently acting as a baliff, and the jury. During jury deliberations, Deputy Sheriff McIver gave to the court a note containing two questions by the jury. The note read as follows: "[D]escribe the difference between acquital [sic] & not guilty[.] Why were there no finger prints[?]"

After the jury returned its verdict and before sentencing, the following colloquy transpired: "[DEFENSE COUNSEL]: Your honor, we need to perfect the record. THE COURT: Go ahead. [STATE'S ATTORNEY]: Your Honor, defense counsel yesterday and I were called back into your chambers, and Court's exhibit 'A' was given to you by Sheriff McIver which contains two questions, describe the difference between acquittal and not guilty and why were there no fingerprints. Your answers which both defense counsel and I agreed to, number one was the same, meaning acquittal and not guilty are the same, and that you could not answer number two, they would have to rely on the evidence. [DEFENSE COUNSEL]: I think, though, that the record should reflect that the sheriff was instructed —, apparently the sheriff went back and gave the message to the jury as opposed to the court or a written answer. [STATE'S ATTORNEY]: Yes, sir. THE COURT: Sure, that was understood. [DEFENSE COUNSEL]: Of course, I didn't know what procedure the court was going to use on that. But definitely we were agreed on the answers. THE COURT: Thank you." From this record, defendant argues that it was inappropriate for the deputy sheriff to convey the message to the jury.

"A bailiff is to make no communication to a jury and is not to allow any other communication with them, except by leave of court. OCGA § 15-12-140 (Code Ann. § 59-717); *Battle v. State*, 234 Ga. 637 (217 SE2d 255) (1975). '(W)here a communication from the baliff to the jury is shown, the burden is on the state to rebut by proof the presumption of harm.' Id. at 639; accord *Wellmaker v. State*, 124 Ga. App. 37 (183 SE2d 629) (1971)." *Mercer v. State*, 169 Ga. App. 723, 728 (6), 729 (314 SE2d 729). However, where the bailiff's communication with the jury is by leave of court, there is no presumption of harm absent a showing that the trial court abused its discretion in directing the bailiff. *Recoba v. State*, 179 Ga. App. 31, 32 (3) (345

SE2d 81).

In the case sub judice, Deputy Sheriff McIver's contact with the jury was at the direction of the trial court, " 'which is precisely when the bailiff is authorized to communicate with the jury. (Cit.)' *Williams v. Douglas County School Dist.*, 168 Ga. App. 368 (1) (309 SE2d 386) (1983)." *Recoba v. State*, 179 Ga. App. 31, 32 (3), supra. Consequently, there remained no presumption of misconduct. Nonetheless, Deputy Sheriff McIver's communication with the jury was, in effect, a supplemental charge which should have been made in open court in the presence of defendant and his counsel. See *Berryhill v. State*, 235 Ga. 549, 554 (12) (221 SE2d 185). However, " ' "[i]n considering the right of the accused to be present at every stage of the trial, and to have his counsel present, we must not lose sight of the further principle, equally well established, that a new trial will not be granted on account of an error which manifestly caused no injury to the accused. It would be trifling with justice to set aside a verdict clearly and strongly supported by the evidence, solely on the ground that such an error had been committed by the trial judge. To warrant such action by a reviewing court, it must be manifest that the error was prejudicial in character." (Cit.)' *Stewart v. State*, [165 Ga. App. 428, 430 (2) (300 SE2d 331)]." *Recoba v. State*, 179 Ga. App. 31, 32 (3), 33, supra.

Under the circumstances of the case sub judice, we find no harmful error since there is nothing in the record to indicate that a timely objection was made to the trial court's procedure in responding to the jury's question; since both the State's attorney and defense counsel agreed as to what the response would be; and since the response was of a character which was unlikely to undermine the integrity of the jury's choice of verdict. See *Nelson v. Smith*, 228 Ga. 117, 118 (2) (184 SE2d 150); *Berryhill v. State*, 235 Ga. 549, 554 (12), supra, and *Recoba v. State*, 179 Ga. App. 31, 33 (3), 34, supra.

2. In his second and third enumerations of error, defendant contends the trial court erred in permitting the testimony of a State's witness, Ms. Spence Williams.

(a) Defendant first argues that Ms. Williams' testimony should have been excluded because the State failed to accurately provide him with the witness' address as is required by Rule 30.3 of the Uniform Rules for the Superior Courts.

"Upon request of defense counsel, the district attorney shall furnish to defense counsel as an officer of the court, in confidence, the addresses and telephone numbers of the state's witnesses *to the extent such are within the knowledge of the district attorney*, unless for good cause the judge allows an exception to this requirement, in which event defense counsel shall be afforded an opportunity to interview such witnesses prior to the witness being called to testify." (Em-

phasis supplied.) Rule 30.3 of the Uniform Rules for the Superior Courts. 253 Ga. 801, 853. The purpose of this rule and "of OCGA § 17-7-110, under which the state generally must furnish a list of witnesses upon demand, is to insure that an accused is not confronted at trial with testimony of witnesses whom he has not had an opportunity to interview prior to trial. *Bryant v. State*, 174 Ga. App. 522 (330 SE2d 742) (1985)." *Kickery v. State*, 185 Ga. App. 274, 276 (1) (363 SE2d 805).

In the case sub judice, the State's attorney stated that she provided defense counsel with the only address she had for Ms. Williams before trial. The State's attorney further stated that the address she provided defense counsel was the same address the State used to subpoena Ms. Williams for trial. Under these circumstances, we find no violation of Rule 30.3 of the Uniform Rules for the Superior Courts, supra, since the assistant district attorney provided defense counsel with the only address she had for Ms. Williams. However, assuming the contrary, we find no error in allowing Ms. Williams' testimony since the trial court provided defense counsel with an opportunity to interview Ms. Williams prior to the witness' testimony. *White v. State*, 253 Ga. 106, 109 (317 SE2d 196).

(b) Next, defendant contends Ms. Williams' testimony should have been excluded because the State's attorney prevented his attorney from conducting an effective interview of Ms. Williams prior to the witness' testimony.

The record shows that the State's attorney attended Ms. Williams during the interview period provided to defense counsel by the trial judge and that the State's attorney informed Ms. Williams that "if she wanted to talk to [defense counsel], she could, [but] if she didn't want to, she didn't have to." Ms. Williams did not respond to defense counsel's inquiry.

While not approving the State's attorney's involvement during defense counsel's court directed interview with Ms. Williams, we find no harmful error since defendant fails to show that he was surprised by the witness' testimony.

3. Defendant contends in his fourth enumeration that the trial court erred in allowing a police detective to refresh his recollection from a police report which was prepared by another officer.

OCGA § 24-9-69 provides that "[a] witness may refresh and assist his memory by the use of any written instrument or memorandum, provided he shall finally speak from his recollection thus refreshed or shall be willing to swear positively from the paper." The trial judge stated that the police detective could use the report "so long as he testifies from a refreshed recollection. . . ." There is no evidence to indicate that the detective deviated from this instruction. Consequently, the trial court did not err in failing to strike the detec-

tive's testimony. See *Harper v. State*, 142 Ga. App. 879, 880 (3) (237 SE2d 240).

4. In his fifth enumeration of error, defendant contends the trial court erred in failing to grant his motion for mistrial after the State's attorney questioned a law enforcement officer regarding defendant's decision to remain silent after his arrest. While this evidence is irrelevant to the charge against defendant, we find no error since defense counsel opened the door to this line of inquiry upon his cross-examination of the law enforcement officer. *Carver v. State*, 185 Ga. App. 436, 440 (8) (364 SE2d 877). Further, the record shows that defense counsel waived his right to complain as he did not promptly object and move for a mistrial at the time the State's attorney questioned the law enforcement officer. *Dye v. State*, 177 Ga. App. 824, 825 (341 SE2d 314).

5. Next, defendant contends the trial court erred in allowing the State's attorney to cross-examine one of his character witnesses about defendant's prior arrests after the court sustained defendant's objection to such cross-examination.

" 'A party cannot during the trial ignore what he thinks to be an injustice, take his chance on a favorable verdict, and complain later.' *Joyner v. State*, 208 Ga. 435, 438 (67 SE2d 221)." *Sprayberry v. State*, 174 Ga. App. 574 (1), 575 (330 SE2d 731). In the case sub judice, defendant did not raise an objection after the State continued its cross-examination of defendant's character witness. Consequently, defendant cannot now complain. See *Lovell v. State*, 185 Ga. App. 521, 522 (2) (365 SE2d 133).

6. Lastly, defendant contends the trial court erred in allowing the State "to cross-examine a character witness on a nolo contendere."

The record shows that the State's attorney cross-examined one of defendant's character witnesses as to her knowledge of defendant's plea of nolo contendere to a criminal charge. The State initiated this examination after the witness testified on direct examination that the victim of a crime, for which defendant pleaded nolo contendere, "did not present any charges against [defendant]." Defendant objected and the trial court allowed the State's attorney to continue her examination. Admission of this evidence was not error. *Tilley v. Page*, 181 Ga. App. 98, 99 (4) (351 SE2d 464).

*Judgment affirmed. Carley, C. J., and Beasley, J., concur.*

DECIDED APRIL 27, 1989 —
REHEARING DENIED MAY 11, 1989.

*Scott Walters, Jr.*, for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Carole E.*

*Wall, Assistant District Attorneys,* for appellee.