A90A0524. ASSAD v. THE STATE.
(394 SE2d 617)

CARLEY, Chief Judge.

Appellant was tried before a jury and found guilty of three counts of child molestation. He appeals from the judgments of conviction and sentences entered by the trial court on the jury's verdicts of guilt.

1. Appellant filed a timely pre-trial motion pursuant to *Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963). On the third day of trial, appellant moved for a mistrial predicated upon the State's alleged suppression of exculpatory evidence in violation of his *Brady* motion. The evidence at issue was a physician's report finding no physical evidence of abuse or molestation after an examination of one of the victims. The trial court's denial of appellant's motion for a mistrial is enumerated as error.

The indictments alleged appellant's commission of molestation by fondling the victims, not by penetration. Accordingly, the physi-

cian's conclusion that there was no *physical* evidence of abuse was neither exculpatory nor "material." See *Glenn v. State*, 255 Ga. 533, 535 (2) (340 SE2d 609) (1986); *Ballard v. State*, 252 Ga. 53, 55 (3) (311 SE2d 453) (1984). Moreover, the mandate of *Brady* is not violated when the "material is [made] available to the defendant during trial, since *Brady* does not require a pre-trial disclosure of the materials. [Cits.]" *Glenn v. State*, supra at 534 (2). In the instant case, the trial court offered to allow the State's witnesses to be recalled for further cross-examination in light of the report, and also offered appellant a continuance in order to interview the physician who had examined the child. This offer was declined. There being no "manifest necessity" for a mistrial so as to keep the existing proceedings fundamentally fair, the trial court did not err in denying appellant's motion. *Haynes v. State*, 245 Ga. 817 (268 SE2d 325) (1980).

2. Over appellant's hearsay objection, an investigating officer was permitted to testify as to a statement by one victim to the effect that she saw appellant molest the other victim. Clearly, the officer's testimony as to what one of the victims said she saw appellant do to the other victim is hearsay and is inadmissible. OCGA § 24-3-1. Contrary to the State's contentions, this testimony would *not* be admissible as original evidence under OCGA § 24-3-2, since the officer's conduct and motives were *not* at issue. *Black v. State*, 190 Ga. App. 137 (1) (378 SE2d 342) (1989). Likewise, this testimony would not be admissible under OCGA § 24-3-16, the Child Hearsay Statute. By its terms, that statute relates only to such statements as are made by the actual victim of the event being related. *Holden v. State*, 187 Ga. App. 597, 598 (2) (370 SE2d 847) (1988). Accordingly, the trial court erred in permitting the officer to testify as to what the one victim said that she saw done to the other. However, as the record shows that this testimony was merely cumulative of the testimony of the actual victim herself, the error was harmless. *Brinson v. State*, 191 Ga. App. 151, 152 (2) (381 SE2d 292) (1989).

*Judgments affirmed. McMurray, P. J., and Sognier, J., concur.*

DECIDED MAY 18, 1990.

*Thomas J. Ousley*, for appellant.
*Robert E. Wilson, District Attorney, Patricia G. Higginbotham, Desiree L. Sutton, Assistant District Attorneys*, for appellee.