### A92A0030. TATUM v. THE STATE.

(418 SE2d 152)

POPE, Judge.

Defendant William Tatum was convicted of aggravated child molestation of his seven-year-old stepdaughter and appeals. We affirm.

1. An agent of the GBI and the sheriff's deputy who arrested the defendant testified defendant confessed to the crime in response to their interrogation. Defendant testified at trial and denied he made the confession. On appeal, he argues the testimony concerning his confession was improperly admitted into evidence because the officers acknowledged the defendant initially invoked his right to consult an attorney. According to the deputy sheriff, however, after leaving the GBI office and getting back into the deputy's car, the defendant asked the deputy to explain to him everything that was going on. The deputy responded that since he had invoked his right to counsel that the deputy could not discuss the case with him, for fear of violating his rights, unless he waived his right to counsel. The defendant then advised the deputy he would be willing to go back inside and talk. Defendant was taken back into the GBI office and again advised of his rights. Defendant signed a waiver of his rights and eventually made the confession. Defendant testified that the deputy tried to cajole him into talking by stating that if he cooperated the officers would talk to the prosecutor about leniency, but that he continued to refuse to respond to questions.

" '(A)n accused . . . having expressed his desire to deal with the police only through counsel, is not subject to further interrogation by the authorities until counsel has been made available to him, *unless the accused himself initiates further communication, exchanges, or conversations with the police.' Edwards. v. Arizona,* 451 U. S. 477, 484, 485 (101 SC 1880, 68 LE2d 378) (1981). (Emphasis supplied.) As the evidence of record shows that the officers immediately ceased their interrogation of the [defendant] when he requested counsel and that it was he who thereafter initiated further communication between them, the trial court was authorized to conclude both that the statements were made freely and voluntarily and that they were not elicited in violation of the [defendant's] right to counsel." *Whatley v.*

*State*, 189 Ga. App. 173, 174 (2) (375 SE2d 245) (1988). The testimony at the hearing on defendant's motion to suppress was in conflict, but the trial court's determinations of fact and credibility of witnesses will be upheld, where, as here, they are not clearly erroneous. See *Snipes v. State*, 188 Ga. App. 366 (2) (373 SE2d 48) (1988).

2. Defendant also argues the trial court erred in admitting over his objection the hearsay testimony of a witness concerning statements made by another child who was not the victim in this case. The witness, one of the victim's babysitters, testified she discovered the victim and her own three-year-old son in the bedroom crying. When she asked the victim why she was crying, the girl replied the witness' son had hit her. When the witness asked her son why he had hit the victim, he replied that she had been trying to "kiss" his penis. Defendant argues that the testimony was inadmissible because the child hearsay statute, OCGA § 24-3-16, does not apply to the statements of a child who is not the victim of the crime, and even if it does, the requirements of the statute were not met because there was no showing that the child declarant was available to testify.

This court has already ruled that the child hearsay statute is not limited to the out-of-court statements of the actual victim in the case. *Holden v. State*, 187 Ga. App. 597 (2) (370 SE2d 847) (1988). We need not consider whether the requirements of availability of the child declarant were met in this case because the statement is otherwise admissible, pursuant to OCGA § 24-3-2, to explain conduct and ascertain the motives of the witness. As a defense, the defendant presented the theory that the victim's mother, his ex-wife, had concocted the charges against him out of vindictiveness and in order to block his visitation rights to see his own daughter, the child of his marriage to the victim's mother. Thus, the motive of the witness, the victim's babysitter, for reporting the victim's acts and statements to child welfare authorities was a relevant issue in the case. This is, thus, one of those "rare" cases in which the motive and intent for actions are " 'matters concerning which the truth must be found.' " *Teague v. State*, 252 Ga. 534, 536 (314 SE2d 910) (1984) (quoting *Momon v. State*, 249 Ga. 865, 867 (294 SE2d 482 (1982)). The trial court did not err in admitting the witness' testimony concerning what her child told her about the victim's acts.

3. The victim testified at trial that defendant instructed her to commit acts of sodomy on him. The evidence was sufficient to permit the jury to find he was guilty beyond a reasonable doubt.

*Judgment affirmed. Carley, P. J., and Johnson, J., concur.*

DECIDED APRIL 10, 1992.

*Clyde M. Urquhart*, for appellant.

*W. Glenn Thomas, Jr., District Attorney, L. Craig Fraser, C. Keith Higgins, Assistant District Attorneys*, for appellee.