## A92A0503. YARBROUGH v. SAS SYSTEMS, INC. et al.
(419 SE2d 507)

BEASLEY, Judge.

Yarbrough filed this complaint against SAS Systems, Inc., and its chief executive officer, Turner.

In Count 1, he alleged that he had been discharged by SAS without his vacation pay, pre-notice pay, a bonus, and expense reimbursement.

Count 2 sought general and punitive damages based on the following version of events. He alleged Yarbrough and Turner settled the dispute as to what he was owed by an agreement resulting in a letter from SAS to Yarbrough, over the signature of Turner, assigning a CAD software system to Yarbrough. Yarbrough registered this system with its designer and manufacturer, Visionics. Turner reported that Yarbrough had stolen this system and pressured the district attorney into bringing the matter before the grand jury, which indicted Yarbrough for forgery and theft. This resulted in Yarbrough's being jailed, booked, and mug-shot, being terribly embarrassed and humiliated, and spending large sums of money in attorney fees. The district attorney agreed to dismiss the forgery charge for Yarbrough's plea of nolo contendere to the theft charge. Yarbrough committed no theft, but chose to plea bargain in exchange for a small fine and no incarceration, rather than face the risk of spending several years in jail. The only evidence of criminal activity by Yarbrough came through the words and falsehoods of Turner. Defendants' actions were intentional, designed to harm Yarbrough, and caused him great emotional distress.

Turner testified that after he discharged Yarbrough, he tried to access the CAD software system but a notation came on the computer screen that the hardware protection device was missing. Turner contacted Visionics, which sent him a letter on SAS stationery which it had received. The letter bore Turner's signature and stated that the right to use and license the CAD system had been transferred to Yarbrough. Turner testified that he did not write or sign the letter. He contacted the district attorney's office and was instructed to report the matter to the police department. An investigation ensued, and after the investigating officer testified before the grand jury, Yarbrough was indicted for the felony theft of the computer hardware device and first-degree forgery of the letter. On his plea of nolo contendere to theft, Yarbrough was fined $500 and ordered to return the CAD system.

Yarbrough testified that after he was discharged, Turner agreed during a telephone conversation to transfer ownership of the CAD system to him, and Turner sent him a letter authorizing him to register the new ownership with the software manufacturer. He sent a

copy to Visionics.

The court granted defendants' motion for summary judgment, concluding in part that Yarbrough's entry of a plea of nolo contendere to the charge upon which he bases his claim for malicious prosecution eliminates the requisite element of a prosecution terminated in his favor.

1. To the extent that Yarbrough has asserted a claim for malicious prosecution, see *Ellis v. Knowles,* 90 Ga. App. 40, 42 (1) (81 SE2d 884) (1) (1954), a conviction of the prosecuted offense based on the entry of a plea of nolo contendere does not constitute a termination of the prosecution in favor of the defendant, precluding an action for malicious prosecution. See *Laster v. Star Rental,* 181 Ga. App. 609 (1) (353 SE2d 37) (1987); see generally *Coker v. K-Mart Corp.,* 197 Ga. App. 701, 702 (399 SE2d 249) (1990). Punishment is not favorable termination. The granting of the defendants' motion for summary judgment was proper.

2. *Fortson v. Hopper,* 242 Ga. 81, 82, 83 (247 SE2d 875) (1978), described a plea of nolo contendere: it is a privilege; it constitutes a plea of guilty except that it cannot work any civil disqualification upon defendant; it is an assertion that defendant does not desire to contest the truth of the charges; it was designed to cover situations where the side effects of a plea of guilty in addition to the penalties would be too harsh.

*Fortson* lists some of those side effects, and OCGA § 17-7-95 (c) provides that "[e]xcept as otherwise provided by law, a plea of nolo contendere shall not be used against the defendant in any other court or proceedings as an admission of guilt or otherwise or for any purpose . . ." This does not mean that such a plea may not be proven as fact by the criminal defendant when, as a plaintiff, he sues for malicious prosecution. But it does not constitute favorable termination of the prosecution for the purpose of such a cause of action. Cf. *Proulx v. State,* 196 Ga. App. 303 (1) (395 SE2d 668) (1990). It is a shield and not a sword.

3. To the extent that Yarbrough asserted a claim for the intentional infliction of emotional distress, it fails. "Liability [for this tort] has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!'" Restatement, Second, Torts § 46, Comment d, p. 73 (1965). See *Yarbray v. Southern Bell Tel. &c. Co.,* 261 Ga. 703, 706 (2) (409 SE2d 835) (1991); see also *Tuggle v. Wilson,* 248 Ga. 335, 336 (2) (282 SE2d 110) (1981).

He presented no evidence of any such conduct on defendants' part. Summary judgment as to this claim was proper also. See generally *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

4. The only additional claim Yarbrough is pursuing at this juncture is for the CAD system. He agreed to return the system as part of his sentence for theft. His assertion of this claim is barred by his plea to the criminal charges.

*Judgment affirmed. Birdsong, P. J., and Andrews, J., concur.*

DECIDED MAY 20, 1992 —
RECONSIDERATION DENIED JUNE 3, 1992 — ■

*William R. Hurst*, for appellant.
*Russell T. Bryant,* for appellees.