[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-13610
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 15, 2011
JOHN LEY
CLERK

D.C. Docket No. 6:10-cv-00538-GAP-GJK

CLARK A. HULS,

Plaintiff - Appellant,

versus

LUSAN C. LLABONA,
Esquire, a natural person,
LUSAN C. LLABONA, P.A.,
a professional service corporation,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(August 15, 2011)

Before EDMONDSON, HULL, and MARTIN, Circuit Judges.

PER CURIAM:

Clark A. Huls, proceeding pro se, appeals the dismissal of his complaint -- which alleged violations of 42 U.S.C. § 1983, and Florida state law -- for failure to state a claim, Fed.R.Civ.P. 12(b)(6). No reversible error has been shown; we affirm.

Huls's claims arise from state court proceedings following his 2002 divorce. In 2003, the state court held Huls in contempt for willfully failing to abide by the terms of the divorce, including the provision of health insurance benefits for his two minor children.[1] In 2005, Huls's ex-wife, through her lawyer Lusan Llabona, filed another motion for contempt and enforcement of the terms of the divorce. The state court held Huls in contempt and ordered him imprisoned for 180 days, or until he paid his past-due child support obligations. Huls ultimately spent 27 days in jail.

Huls then filed the instant complaint against Llabona, individually, and her professional service corporation, Lusan C. Llabona, P.A. In his complaint, he argued that Llabona intentionally misrepresented the content of the state court's

---

[1]The court's order stated that Huls was financially responsible for maintaining health insurance for his children and directed his ex-wife "to immediately obtain health insurance for the minor children of the parties," and "immediately forward the bill for this insurance to [Huls], who will promptly pay this obligation immediately upon its receipt."

2003 order, making it appear that he had violated it.[2]  He contended that Llabona's

conduct violated his federal civil rights under 42 U.S.C. § 1983 and various

Florida statutes and state bar rules.[3]

The district court granted Llabona's motion to dismiss, pursuant to Rule

12(b)(6).  The Court concluded that Huls's claims -- federal and state -- were

barred by Florida's litigation privilege and that Llabona was not acting under color

of law for purposes of section 1983.  We review <u>de novo</u> the district court's grant

of a Rule 12(b)(6) motion to dismiss for failure to state a claim, accepting the

allegations in the complaint as true and construing them in the light most favorable

to the plaintiff.  <u>Mills v. Foremost Ins. Co.</u>, 511 F.3d 1300, 1303 (11th Cir. 2008).

In addition, we liberally construe <u>pro se</u> pleadings.  <u>See Tannenbaum v. United

States</u>, 148 F.3d 1262, 1263 (11th Cir. 1998).

On appeal, Huls argues that the district court erred in dismissing his

complaint for failure to state a claim.[4]  He asserts correctly -- and Llabona

---

[2]Llabona concedes that she misquoted the state court's 2003 order in her motion for contempt when she explained that the state court ordered Huls to "'. . . immediately obtain health insurance for the minor children of the parties.'"

[3]Huls alleged violations of Fla. Stat. §§ 772.104 (providing a civil cause of action for violations of Florida's Criminal Practices Act); 843.0855(3) (making it a felony to knowingly prepare false court documents or orders); and 918.13(1)(b) (prohibiting the use of a document known to be false in a criminal proceeding).

[4]Huls also challenges the magistrate judge's denial of his <u>ex parte</u> motion for leave to use the district court's electronic filing system.  Because Huls did not object to the magistrate's

3

concedes -- that the district court erred in applying Florida's litigation privilege to his section 1983 claim. See Howlett v. Rose, 110 S.Ct. 2430, 2442-43 (1990) (providing that "'[c]onduct by persons acting under color of state law which is wrongful under 42 U.S.C. § 1983 . . . cannot be immunized by state law.'"). Nevertheless, the district court properly dismissed Huls's section 1983 claim based on its conclusion that Llabona did not act under color of state law.

To prevail on a claim under section 1983, Huls had to demonstrate that he was deprived of a right secured by the Constitution or federal law and that such deprivation was committed by a person acting under color of state law. Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992). For a person to act "under color of state law," her acts must be "fairly attributable to the state," meaning that "the deprivation must be caused by the exercise of some right or privilege created by the State," and the person must be a "state actor." Id.

Taking the factual allegations of Hul's complaint as true, he demonstrated that he was deprived of his federally-protected right to liberty when he was imprisoned following the state court's contempt proceedings. So, the critical question we must answer is whether Hul's allegations show that Llabona acted

ruling below, as required by Fed.R.Civ.P. 72(a), he waived his right to challenge the order on appeal. See Farrow v. West, 320 F.3d 1235, 1249 n.21 (11th Cir. 2003).

4

"under color of state law or, in the context of the fourteenth Amendment, whether [Llabona's] alleged actions are 'fairly attributable to the State.'" Id. quoting Lugar v. Edmonson Oil Co., Inc. 102 S.Ct. 2744, 2756 (1982). To be fairly attributable to the state, conduct must: (1) "be caused by the exercise of some right or privilege created by the State"; and (2) be committed by an individual who, if not personally a state official, has acted with or received significant aid from state officials. Lugar, 102 S.Ct. at 2753-54.

Llabona, a private attorney representing a client in a private civil matter, was not a government employee and not otherwise acting at the behest of the state. Huls's allegation that Llabona knowingly falsified facts in a contempt motion appears to charge a private misuse of a state contempt procedure. To the extent that Huls argues that Llabona intentionally abused the state's civil contempt proceedings, her conduct is not attributable to the state. See id., 102 S.Ct. at 2756 ("private misuse of a state statute does not describe conduct that can be attributed to the State").[5]

---

[5]Huls also challenges the constitutionality of the state's civil contempt procedures, asserting that the unlawful procedures facilitated Llabona's conduct. Because Huls raised this argument for the first time in his response to Llabona's motion to dismiss, instead of seeking leave to file an amended complaint, pursuant to Fed.R.Civ.P. 15(a), it was not properly raised below. Cf. Gilmour v. Gares, McDonald & Co., 382 F.3d 1312, 1315 (11th Cir. 2004) (stating that "[a] plaintiff may not amend [his] complaint through argument in a brief opposing summary judgment."). Thus, it will not be considered on appeal. See Albra v. Advan, Inc., 490 F.3d 826, 828 n.1 (11th Cir. 2007).

The district court also concluded correctly that Huls's state law claims were barred by Florida's litigation privilege, which provides litigation participants with absolute immunity for acts occurring during the course of judicial proceedings, and extends to all acts that have some relation to the proceeding.  See Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. United States Fire Ins. Co., 639 So. 2d 606, 608 (Fla. 1994).  Because Llabona's challenged conduct -- misrepresenting the language of the state court's order in her contempt motion -- took place during the course of contempt proceedings against Huls, and was related directly to those proceedings, Llabona was absolutely immune under state law.[6]

Huls also argues that the district court erred in denying his motion for leave to amend his complaint a second time, which he filed after the court dismissed his complaint.  His notice of appeal, however, specified only that he was appealing from the district court's 7 June 2010 order dismissing his complaint and from the magistrate judge's 27 April 2010 order denying him leave to use the court's electronic filing system.

---

[6]Huls asserts that the district court improperly characterized his complaint as focusing on Llabona's in-court oral statements, instead of the written statements contained in her motion for contempt.  Not only is this claim unsupported by the record, but this distinction is irrelevant to the analysis of Huls's claims.

6

"Where an 'appellant notices the appeal of a specified judgment only . . . this court has no jurisdiction to review other judgments or issues which are not expressly referred to and which are not impliedly intended for appeal.'" Whetstone Candy Co. v. Kraft Foods, Inc., 351 F.3d 1067, 1079-80 (11th Cir. 2003). It is well settled, however, "that an appeal is not lost if a mistake is made in designating the judgment appealed from where it is clear that the overriding intent was effectively to appeal," "at least where the order that was not designated was entered prior to or contemporaneously with the order(s) properly designated in the notice of appeal." KH Outdoor, LLC v. City of Trussville, 465 F.3d 1256, 1260 (11th Cir. 2006).

Construed liberally, nothing in Huls's notice of appeal indicated that he intended to appeal the court's order denying him leave to amend his complaint. Moreover, that order -- filed on 16 July 2010 -- was not entered prior to or contemporaneously with the orders designated in his notice of appeal. See id. As a result, we lack jurisdiction to review this issue. See Whetstone, 351 F.3d at 1079-80.

AFFIRMED.