[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14352
Non-Argument Calendar
_____

D.C. Docket No. 5:10-cv-00079-LGW-JEG

ANITA JOY SIMPSON,

Plaintiff-Appellant,

versus

CERTEGY CHECK SERVICES, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(March 20, 2013)

Before HULL, MARTIN and JORDAN, Circuit Judges.

PER CURIAM:

Anita Joy Simpson, proceeding pro se, appeals the district court's grant of summary judgment in favor of Certegy Check Services, Inc. (Certegy) in her diversity suit for intentional infliction of emotional distress and invasion of privacy by portraying her in a false light.  On seven occasions, Certegy declined to guarantee a personal check from Simpson at a Murphy Oil (Murphy) service station located in Douglas, Georgia.

On appeal, Simpson argues that summary judgment was inappropriate given her intense feelings of embarrassment and outrage as a result of her checks being declined and because Certegy's electronic transmittal of information to Murphy constituted publication of private facts.

## I.

Certegy is a national consumer-reporting agency that provides check verification and warranty services to merchants, including Murphy Oil.  Merchants submit electronic copies of checks to Certegy, which uses several automated processes to choose whether to warrant the check and assume payment responsibility for a bounced check.  Ultimately, Certegy's clients must choose whether to accept a customer's check.  Certegy only shares its assessments with its clients.

On a number of occasions, Simpson attempted to use a personal check at the Murphy Oil station in Douglas, Georgia.  However, Certegy declined to warrant

the checks and Murphy decided not to accept them. Certegy says it made its decision because the checks matched high-risk patterns that Certegy had identified at that specific Murphy location. Each time, a Murphy employee, having made the final decision, informed Simpson that Murphy would not accept the check. Simpson successfully paid another way each time.

Simpson contacted Certegy to ask why her checks had been declined. Certegy explained that Simpson was in good standing in its system, but that Certegy sometimes chooses not to warrant checks despite lacking any negative personal information about the check writer. Certegy told Simpson that her checks had not been warranted because of its automated system, but also offered to elevate her to "Preferred Status," which would make her checks more likely to be accepted in the future. Simpson admits that Certegy made it clear that this was no guarantee. But Murphy still rejected other checks from Simpson. At the same time, Certegy did warrant checks Simpson used to pay at other merchants during that period.

Simpson filed suit against Certegy in the U.S. District Court for the Southern District of Georgia for intentional infliction of emotional distress and for invasion of privacy by portraying her in a false light because having her checks declined was publicly humiliating. The district court granted summary judgment in favor of Certegy on both claims. Simpson appealed.

3

## II.

We review a district court's decision to grant summary judgment de novo, viewing all of the evidence and its reasonable inferences in the light most favorable to the nonmoving party. Waddell v. Hendry Cnty. Sheriff's Office, 329 F.3d 1300, 1304 (11th Cir. 2003). Summary judgment shall be granted if the pleadings and evidence show that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Once the moving party makes the required showing, the non-moving party has the burden of rebutting that showing through affidavits or other relevant and admissible evidence beyond the pleadings. Josendis v. Wall to Wall Residence Repairs, Inc., 662 F.3d 1292, 1315 (11th Cir. 2011).

## III.

Simpson argues that Certegy engaged in outrageous conduct intentionally designed to inflict emotional distress because it willfully refused to correct her information, ignored the fact she had been a victim of identity theft, and continued to decline her checks after she contacted the company.

To state a claim for intentional infliction of emotional distress in Georgia, the plaintiff must show: (1) intentional or reckless conduct; (2) extreme or outrageous conduct; (3) a causal connection between the wrongful conduct and the emotional distress; and (4) severe emotional distress. Jarrard v. United Parcel

4

Serv., Inc., 529 S.E.2d 144, 146 (Ga. Ct. App. 2000).  Extreme or outrageous conduct is conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency."  Yarbrough v. SAS Systems, Inc., 419 S.E.2d 507, 509 (Ga. Ct. App. 1992) (quotation marks omitted).  The distress inflicted must be very severe.  See Bridges v. Winn-Dixie Atlanta, Inc., 335 S.E.2d 445, 448 (Ga. Ct. App. 1985).

Summary judgment was appropriate because Certegy's conduct simply was not extreme or outrageous.  The evidence showed that the system automatically flagged Simpson's checks for high-risk patterns seen with other checks at the Murphy Oil in Douglas.  In fact, Simpson was able to use checks with other clients of Certegy.  Though "Preferred Status" did not resolve the problem, Certegy had never promised Simpson that her elevated status would guarantee her checks would be accepted.  The ultimate decision to decline the checks was not even made by Certegy.  Thus, this conduct did not go "beyond all possible bounds of decency."  See Yarbrough, 419 S.E.2d at 509.

IV.

Simpson asserts that Certegy's electronic transmittal of information to Murphy constituted publication of private facts in a highly offensive and humiliating manner because Certegy knowingly suggested she was a pauper and knew that there were no privacy protections at Murphy Oil.

5

In order to sustain a false light claim under Georgia law, a plaintiff must show that the defendant knowingly or recklessly published falsehoods about her and placed her in a false light that would be highly offensive to a reasonable person. Smith v. Stewart, 660 S.E.2d 822, 834 (Ga. Ct. App. 2008). A hypersensitive person is not entitled to extra protection. Thomason v. Times-Journal, Inc., 379 S.E.2d 551, 554 (Ga. Ct. App. 1989).

Simpson's claim fails because she has not shown that Certegy publicly disclosed private or secret facts about her. Certegy's action in this case consisted of telling Murphy, and only Murphy, that it was not going to warrant Simpson's checks based on factors not personal to her. Thus, Simpson has failed to show that Certegy publicly disclosed private facts about her. Even assuming Certegy's communication constituted a public disclosure, the information conveyed by Certegy would not be highly objectionable to a reasonable person.[1] Cf. Thomason, 379 S.E.2d at 554.

V.

The district court's grant of summary judgment is **AFFIRMED.**

---

[1] The district court also found Simpson's claims to be preempted under the Fair Credit Reporting Act (FCRA). We need not address the preemption argument here because Simpson cannot meet her burden under Georgia law and the federal statute merely serves to increase the state law burden by requiring malicious intent. See 15 U.S.C. § 1681h(e). See also Lofton-Taylor v. Verizon Wireless, 262 F. App'x 999, 1002 (11th Cir. 2008); Jordan v. Equifax Info. Serv., LLC, 410 F. Supp. 2d 1349, 1355 (N.D. Ga. 2006).