**Joyce M. GRIGGS, Plaintiff,**

v.

**USAA CASUALTY INSURANCE COMPANY (USAA) & Ocwen Loan Servicing Company, LLC (Ocwen), Defendants.**

CIVIL ACTION NO. 1:17–CV–00064–LMM

United States District Court,
N.D. Georgia, Atlanta Division.

Signed 06/20/2017

---

Joyce M. Griggs, Savannah, GA, pro se.

Mark Allen Barber, William Shawn Bingham, Baker, Donelson, Bearman, Caldwell & Berkowitz, PC, Elizabeth J. Campbell, John Michael Kearns, Locke Lord LLP, Atlanta, GA, for Defendants.

## ORDER

Leigh Martin May, United States District Judge

This case comes before the Court on Defendant Ocwen Loan Servicing Compa-

ny, LLC's Motion to Dismiss [8]. After due consideration, the Court enters the following Order:

## I. BACKGROUND [1]

On January 8, 2015, a fire destroyed Plaintiff Joyce M. Griggs's home. Plaintiff alleges in her *pro se* complaint that she has a $380,000 mortgage on the property and alleges she should have had homeowner's insurance coverage of $395,000 with Defendant USAA Casualty Insurance Company ("USAA"). Defendant Ocwen Loan Servicing Company, LLC ("Ocwen") services Plaintiff's mortgage on the property and established an escrow account to pay Plaintiff's homeowner's insurance and taxes.

Following the fire, Plaintiff learned that her homeowner's insurance coverage was $291,000, and not $395,000 as she previously thought. Plaintiff claims that both Defendants reduced the amount of coverage without her consent or knowledge. Plaintiff brings claims against Ocwen for breach of contract, breach of the covenant of good faith and fair dealing, fraud, negligence and deceptive and unfair trade practices, and intentional infliction of emotional distress. Dkt. No. [1]. In her Response, Plaintiff included an additional claim under the Real Estate Settlement Procedures Act. Dkt. No. [20].[2]

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While this pleading standard does not require "detailed factual allegations," the Supreme Court has held that "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting Bell Atl. Corp. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

To withstand a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). A complaint is plausible on its face when the plaintiff pleads factual content necessary for the court to draw the reasonable inference that the defendant is liable for the conduct alleged. Id. (citing Twombly, 550 U.S. at 556, 127 S.Ct. 1955).

At the motion to dismiss stage, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." FindWhat Inv'r Grp. v. FindWhat.com, 658 F.3d 1282, 1296 (11th Cir. 2011) (quoting Garfield v. NDC Health Corp., 466 F.3d 1255, 1261 (11th Cir. 2006)). However, this principle does not apply to legal conclusions set forth in the complaint. Iqbal, 556 U.S. at 678, 129 S.Ct. 1937.

When a plaintiff chooses to proceed *pro se*, his or her complaint is "held to less stringent standards than formal pleadings drafted by lawyers" and must be "liberally construed." See Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (citation and quotation omitted); see also Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006). However, the Court "need not accept as true legal

1. All facts are taken from the Complaint unless otherwise noted. Dkt. No. [1].

2. Though Plaintiff did not file her Response to Ocwen's Motion to Dismiss [20] in a timely manner, the Court will consider Plaintiff's Response to fully resolve the matter between the parties on the merits.

conclusions or unwarranted factual inferences" contained in complaints filed by *pro se* litigants. Montgomery v. Huntington Bank, 346 F.3d 693, 698 (6th Cir. 2006) (quotation and citation omitted). And furthermore, *pro se* plaintiffs are required to comply with threshold requirements of the Federal Rules of Civil Procedure. Trawinski v. United Techs., 313 F.3d 1295, 1299 (11th Cir. 2002).

## III. DISCUSSION

### A. Breach of Contract

■ Ocwen argues that Plaintiff has not properly stated a claim for breach of contract Dkt. No. [8–1] at 5. Although it is unclear as to the specific contract Plaintiff alleges that Ocwen breached, it appears to be either the insurance contract with USAA or the mortgage contract detailed in the security deed. To bring a claim for breach of contract, a plaintiff must show the subject matter of the contract, consideration, and mutual assent by all the parties to all contract terms. Lamb v. Decatur Fed. Sav. & Loan Ass'n, 201 Ga.App. 583, 411 S.E.2d 527, 529 (Ga. Ct. App. 1991).

■ Ocwen first contends that Plaintiffs insurance contract claims should be dismissed because it was not a party to the insurance contract. Plaintiff responds that Ocwen was a party to the insurance contract between Plaintiff and USAA because Ocwen set up an escrow account to pay Plaintiffs insurance and taxes. Dkt. No. [1] at 3. The problem with Plaintiffs argument is that there is no law which establishes the party paying the insurance through the escrow account becomes a party to the insurance contract itself. Instead, Plaintiff must show some evidence that Ocwen was a party to the contract between Plaintiff and USAA. Because the paying of the premium through the escrow account does not establish this, Plaintiff has not met the requisite burden for a breach of contract claim. The fact that Ocwen set up an escrow account to pay for Plaintiffs homeowner's insurance and taxes merely shows that Ocwen was servicing Plaintiffs loan and does not establish that Ocwen was a party to the insurance contract. Dkt. No. [1] at 4.

■ Even if Ocwen is a party to the mortgage contract based on the Security Deed, which Ocwen adamantly denies, Ocwen argues that it is not liable on the mortgage contract because of its explicit terms. Plaintiff attempts to rely on language from the Security Deed, which provides that:

> Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire . . . This insurance shall be maintained in the amounts . . . and for the periods that Lender requires . . . If Borrower fails to maintain any of the coverage described above, Lender may obtain insurance coverage, at Lender's option and Borrower's expense. Lender is under no obligation to purchase any particular type or amount of coverage.

Dkt. No. [8–2] at 6. However, the Deed clearly states the "[l]ender is under no obligation to purchase any particular type or amount of coverage." Dkt. No. [8–2] at 6. Additionally, the language of the Deed indicates that it was the borrower's responsibility to maintain insurance coverage against loss caused by fire. Id. Accordingly, Ocwen would not have breached the mortgage contract even if Plaintiff had insufficient coverage. Therefore, Ocwen's Motion to Dismiss is **GRANTED** as to Plaintiffs breach of contract claim.

### B. Breach of Covenant of Good Faith and Fair Dealing

■ Ocwen also argues that Plaintiffs claim for a breach of the covenant of good faith and fair dealing should be dismissed because this covenant cannot be a basis for

liability if there is no valid contract between the parties. Dkt. No. [8–1] at 6. The covenant of good faith and fair dealing is "not independent of the contract." Stuart Enters. Int'l, Inc. v. Peykan, Inc., 252 Ga. App. 231, 555 S.E.2d 881, 884 (Ga. Ct. App. 2001). See also Alan's of Atlanta, Inc. v. Minolta Corp., 903 F.2d 1414, 1429 (11th Cir. 1990) (holding that the covenant of good faith and fair dealing is not an independent term and cannot be breached apart from the terms of the contract). Because Plaintiff has not established that the Ocwen was a party to either the insurance contract or the mortgage contract, Ocwen's Motion to Dismiss is **GRANTED** as to Plaintiffs breach of covenant of good faith and fair dealing claim.

### C. Fraud

■ Next, Ocwen asserts that Plaintiff has failed to properly plead her fraud claims to satisfy the requirements of Rule 9(b) of the Federal Rules of Civil Procedure. Rule 9(b) requires "[i]n all averments of fraud ... the circumstances constituting fraud ... shall be stated with particularity." Fed.R.Civ.P.9(b). To satisfy Rule 9(b), the complaint must allege:

> (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants "obtained as a consequence of the fraud.

Brooks v. Blue Cross and Blue Shield of Fla., Inc., 116 F.3d 1364, 1371 (11th Cir. 1997).

■ Plaintiff claims that Ocwen represented that Plaintiffs homeowner's insurance coverage was $395,000, when in reality it was $ 291,000. However, Plaintiff has failed to meet the other requirements of Rule 9(b). Specifically, Plaintiff has not alleged the time and place of the statement, the person responsible for making the statement, or what the Ocwen gained as a result of the fraud. Therefore, Plaintiff has failed to meet the requirements of Rule 9(b). Id. Accordingly, Ocwen's Motion to Dismiss is **GRANTED** as to Plaintiffs fraud claim.

### D. Negligence [3]

■ Ocwen argues that Plaintiffs claim for negligence should also be dismissed because Ocwen did not owe Plaintiff the requisite duty for a negligence claim. Dkt. No. [8–1] at 9–10. Ocwen contends that the Security Deed did not require Ocwen to purchase insurance and that it was Plaintiffs responsibility to maintain insurance against loss by fire. Dkt. No. [8–1] at 10.

■ To bring a claim for negligence, a plaintiff must demonstrate that the defendant owed "a legal duty to conform to a standard of conduct raised by the law for the protection of others against unreasonable risk of harm." McMann v. Mockler, 233 Ga.App. 279, 503 S.E.2d 894, 896 (Ga. Ct. App. 1998). Ocwen argues that because it only acted as a mortgage servicer, it had no legal duty to Plaintiff for her claims. Under Georgia law, a mortgage servicer does not typically owe a borrower an independent duty of care. Anderson v. Deutsche Bank Nat'l Tr. Co., 1:11–CV–4091–TWT–ECS, 2012 WL 3756512, at *9 (N.D. Ga. Aug. 6, 2012) adopted at 2012 WL 3756435 (N.D. Ga. Aug. 27, 2012). In

---

**3.** Though Plaintiff combines deceptive and unfair trade practices with negligence in her Complaint, she only references deceptive and unfair trade practices in the context of other parties' suits against Ocwen and does not substantively address these claims in the context of her own suit.

response, Plaintiff fails to properly allege any particular duty Ocwen owed her to maintain a minimum level of insurance for her. Therefore, Ocwen's Motion to Dismiss is **GRANTED** as to Plaintiffs negligence claim.

### E. Intentional Infliction of Emotional Distress

■ Ocwen next argues that Plaintiffs claim for intentional infliction of emotional distress should also be dismissed because Plaintiff does not satisfy its required elements. Dkt. No. [8–1] at 10–12.

■ For a plaintiff to bring a successful claim for intentional infliction of emotional distress, the plaintiff must show (1) the defendant's conduct was intentional or reckless; (2) the defendant's conduct was extreme and outrageous; (3) there was a causal connection between the defendant's conduct and the emotional distress; and (4) the emotional distress was severe. Hendrix v. Phillips, 207 Ga.App. 394, 428 S.E.2d 91, 92–93 (Ga. Ct. App. 1993).

■ Plaintiff argues that Ocwen caused severe emotional distress because of its role in lowering or not increasing her insurance coverage. Dkt. No. [1] at 8. But as noted above, Plaintiff has not plausibly alleged that Ocwen played any role whatsoever in the maintenance of Plaintiffs insurance coverage. However, even if Ocwen had played a role in reducing Plaintiffs insurance coverage, the conduct she alleges does not rise to the requisite level of outrageousness as a matter of law. See Gordon v. Frost, 193 Ga.App. 517, 388 S.E.2d 362, 366 (Ga. Ct. App. 1989) ("Some claims as a matter of law do not rise to the requisite level of outrageousness and egregiousness."). For a party's conduct to rise to outrageousness, the conduct must have

been "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Yarbrough v. SAS Systems, Inc., 204 Ga.App. 428, 419 S.E.2d 507, 509 (Ga. Ct. App. 1992) (quoting Restatement (Second) of Torts§ 46 cmt. d (Am Law. Inst. 1965)).

Here, the alleged conduct of lowering insurance coverage does not meet this standard of "going beyond all reasonable bounds of decency as to be utterly intolerable in a civilized community." United Parcel Serv. v. Moore, 238 Ga.App. 376, 519 S.E.2d 15, 17 (Ga. Ct. App. 1999). Therefore, Plaintiff has failed to establish that Ocwen intentionally or recklessly acted in an extreme or outrageous manner and as a result, caused severe emotional distress. Accordingly, Ocwen's Motion to Dismiss is GRANTED as to Plaintiffs intentional infliction of emotional distress claim.[4]

### F. RESPA

■ In her Response, Plaintiff argues for the first time that Ocwen violated the Real Estate Settlement Procedures Act (RESPA). Dkt. No. [20] at 4. However, a plaintiff must follow the procedures set forth in Rule 15 in order to properly raise a new claim. See Huls v. Llabona, 437 Fed.Appx. 830, 832 n.5 (11th Cir. Aug. 15, 2011) ("Because Huls raised this argument for the first time in his response to Llabona's motion to dismiss, instead of seeking leave to file an amended complaint, pursuant to Fed.R.Civ.P. 15(a), it was not properly raised below."). Here, Plaintiff has sought neither the Court's leave nor the written consent of Ocwen to amend her

---

4. Plaintiff also asserts that Ocwen's conduct inflicted severe emotional distress because it caused physical injuries and a risk of physical injuries. Dkt. No. [20] at 9. However, this argument confounds the fire itself with the lowered insurance coverage. Plaintiff has not plausibly alleged that Ocwen caused the fire itself.

Complaint again as required by Rule 15. Fed. R. Civ. P. 15(a)(2).

However, even if Plaintiff had properly followed the procedural requirements of Rule 15, Plaintiffs claim would still fail. To the extent that Plaintiff has a cause of action under RESPA, Plaintiff has not directed the Court to the relevant law. Plaintiff cites to 12 U.S.C.A. § 2601 and 24 C.F.R. § 3500.17(b), but these references and her arguments regarding them do not establish a claim under RESPA. Dkt. No. [20] at 6–7. Section 2601 describes the Congressional findings and purpose of RESPA, and Section 3500.17(b) contains no substantive regulation. 12 U.S.C.A. § 2601; 24 C.F.R. § 3500.17(b). Therefore, Ocwen's Motion to Dismiss is **GRANTED** as to Plaintiffs RESPA claim.

## IV. CONCLUSION

In accordance with the foregoing, Ocwen's Motion to Dismiss is **GRANTED**.

**IT IS SO ORDERED** this 20th day of June, 2017.